No. ——

First Circuit

VICKERS v. COBURN

(December 6, 1927.  Opinion and Decree)

(*Syllabus by the Editor*)

1.  Louisiana Digest—Evidence—Par. 208.

Where allegation is made that signature is a forgery, the trial judge, under Civil Code Article 2245 and Code of Practice Article 325, has the right to make comparison of handwritings and draw his own conclusions therefrom.

2.  Louisiana  Digest — Evidence — Par.  59, 208.

Where defendant denies signature the burden of proof is on plaintiff to prove signature's genuineness.

Appeal from the Parish of East Baton Rouge. Hon. George K. Favrot, Judge.

Action by Wiley Vickers against W. J. Coburn.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Charles A. Holcombe, of Baton Rouge, attorney for plaintiff, appellee.

H. K. Strickland, of Baton Rouge, attorney for defendant, appellant.

LECHE, J.  This suit is upon a written instrument in the following words and figures:

"Denham Springs, La., Jan. 2, '22. Due Wiley Vickers $1000.00 One Thousand & No/100 dollars.  Due on demand.
W. J. Coburn."

The answer alleges that defendant's signature is a forgery.

Plaintiff's sister is the wife of defendant and the parties are therefore brothers-in-law.

At the time the instrument purports to have been drawn, thereafter and within some time previous to the filing of this suit, October 22, 1925, the relations between plaintiff and defendant were friendly and intimate.  Plaintiff often visited defendant and on several occasions spent some time at the latter's home.  It was on one of these visits, that plaintiff says he loaned defendant the sum of One Thousand dollars and in order to evidence that fact, he further says that defendant wrote and signed the instrument in suit, on the dining table in his dining room.  Both parties at

that time lived in the Parish of Livingston, but defendant later on, moved into the Parish of East Baton Rouge, where he presently resides.

Defendant denies having borrowed the one thousand dollars and he denies having written or signed the instrument. He admits, however, that on previous occasions, he once borrowed one hundred dollars and at another time three hundred dollars from the plaintiff, but says he repaid both of these loans. He further admits that the alleged forged signature could not have been written by plaintiff.

Fletcher, a witness for plaintiff, who had often seen defendant sign his name, was of the opinion that the instrument or due bill was really signed by defendant. The trial judge, who was able to examine the admitted signature of defendant to an act of sale, forming part of the archives of the Recorder's office in Baton Rouge, after comparison, was also of the opinion that defendant's signature on the due bill was real and genuine. Some question is raised in argument as to the right of the trial judge to make a comparison of handwritings and to draw conclusions from his own examination of the writings, but such a proceeding is clearly sanctioned by Article C. C. 2245 and Art. C. P. 325. It would indeed be a strange anomaly if judges could not make comparisons of handwritings, but would have to depend solely upon so-called expert testimony, which, although generally helpful, is by no means infallible. Watts vs. Collier, 140 L. 99; 72 South. 822.

The evidence also shows that plaintiff was in the habit of lending money and that, therefore, he was not too impecunious to have made the loan of one thousand dollars to his brother-in-law. It is also unlikely that plaintiff could have procured the assistance of some one else to forge an instrument for such an amount, payable to himself and of no benefit or advantage to the real forger. Defendant's signature to some of the pleadings in this Court, bears a striking similarity to that on the due bill. Another circumstance which throws doubt on the sincerity of defendant in his defense, is that a few days after the present suit was filed, he sold all his property to his son-in-law.

Of course, the burden of proof is on the plaintiff to prove the genuineness of the defendant's signature, but we believe the evidence is sufficient to prove that fact.

We find no error in the trial judge's ruling; his judgment should be affirmed; and it is accordingly so ordered.