REID, Judge.
Plaintiff brought this suit for a commission arising out of the sale of a piece of real estate. The action is based on an alleged listing agreement which defendant, not being able to read and write, signed by mark. Defendant denied signing the contract, or having any dealings whatever with plaintiff. There was only one witness to the signature by mark, and that was the plaintiff himself. The Trial Court, with written reasons, rendered judgment in favor of the plaintiff. Defendant prosecutes this appeal from this judgment.
The listing agreement, filed in the record, shows the signature of defendant by her mark. Subsequent to the signing of the alleged agreement, defendant sold the property covered by the agreement to Emile G. Ezell, for the sum of $8397.00. Plaintiff sued for, and obtained, judgment for $839 - 70 representing 10% of this sale price.
Two witnesses testified on behalf of plaintiff, himself and Henry M. Jordan. Plaintiff testified that he came to- see defendant in response to a message delivered to him by Jordan. On the first trip he failed to contact defendant, whereupon Jordan saw him the second time and told him he was expected. On the second trip, plaintiff claims he and defendant made and signed the listing agreement which is in the record. Jordan testified that he delivered the message to plaintiff in compliance with the request of defendant.
Defendant, Clara Lee, was a sixty year old, uneducated negro woman. Plaintiff, also a negro, lacked only a few hours of graduating from Southern University, and had been a licensed realtor for some time. The Trial Judge put great credence in his testimony, together with that of Jordan and found in plaintiff’s favor. In this we feel that our Learned Brother below committed manifest error. Article 2245 of the LSA-Revised Civil Code reads:
“If the party disavow the signature, or the heirs or other representatives *646 declare that they do not know it, it must be proved by witnesses or comparison, as in other cases.”
Under this Article there were two ways in which a signature could be proved — one by witnesses, and the other by comparison. In the instant case the signature was by mark and it could not be proved by other writings of the defendant. There was only one witness to the signature and his testimony is disputed by defendant.
We quote with approval from Watts v. Collier, 140 La. 99, 72 So. 822, the following:
“[ 1, 3] Articles 2244 and 2245 of the Civil Code require that the person against whom an act under private signature is produced must either avow or disavow his signature, and that, if he disavows it, it must be proved by witnesses or comparison, as in other cases. Articles 324 and 325 of the Code of Practice also require that, when a demand is founded on an instrument under private signature, the defendant, in his answer, must expressly acknowledge or deny his signature, and that, if he deny it, the plaintiff must prove its genuineness, by witnesses who have seen the defendant sign the act, or who know his signature from having frequently seen him write and sign his name. The latter article contains a proviso that the proof by witnesses shall not exclude proof by experts or by comparison of the writing, as provided in the Civil Code.
•I* 5^ $ "I* ¥
“Our conclusion is that the uncorroborated testimony of only one witness cannot prevail over the denial on oath of the alleged obligor, to prove that he or she signed the disputed obligation by making a cross mark or by holding or touching the pen with which his or her name was written by some one else. To hold otherwise would imply that the requirements of article 325 of the Code of Practice and 2245 of the Civil Code are entitled to no consideration whatever, and that the defendant’s denial on oath may be disregarded. The law relieves us of the necessity of passing judgment on the veracity of the witnesses.
******
“Considering the fact that C.P. art. 325, requires that the plaintiff in the case there stated shall prove the signature of the defendant by 'witnesses,’ who have seen it signed, or who know it because they have frequently seen defendant write and sign it, we adhere to the view that, in such case (i. e., in any case falling within the meaning of the article) there should be not less than two witnesses who are able to verify the signature, either in the one way or the other, and, under the last paragraph of the article, such testimony may be corroborated by the testimony of experts, or by comparison of handwriting, as provided by the Civil Code.”
Appellee argues that a contract of employment does not have to be in writing, and there is no law requiring the signature with a mark of a party to an agreement be witnessed by a party other than those parties to the agreement. There might be some merit to this argument, had the contract been oral, but, in as much as plaintiff relies on a listing agreement, he is required to prove the genuineness of the signature to the agreement.
Plaintiff argues also that Succession of Guidry, La.App., 145 So.2d 613, holds that LSA-Revised Statute 47:2 which requires signatures by mark to an informal agreement be witnessed by two witnesses, refers only to taxation and revenue. This is true, but LSA-R.S. 47:2 is part of the general provision of the chapter on Revenue and Taxation and has no bearing on the instant case.
For these reasons we are of the opinion that the judgment of the Lower Court is erroneous and should be reversed.
*647 It is, therefore, ordered, adjudged and decreed that the judgment of the Lower Court be reversed and judgment rendered in favor of defendant appellant, rejecting plaintiff’s demand and dismissing this suit at his cost.
Reversed and rendered.