YELVERTON, Judge.
Henry L. White, having acquired a promissory note by endorsement from the payee, filed suit against the makers. The note was dated February 28, 1967, in the principal amount of $2,660, bearing interest at the rate of 7% from maturity until paid; it was made by “Lloyd Williams” and “Mrs. Lloyd Williams”. The defendants answered the suit generally denying all allegations and particularly their signatures. The trial was limited to the issue of the authenticity of the signatures of the makers. The trial court concluded that the signatures were genuine and rendered judgment for the plaintiff. Defendants appealed. We affirm.
The question posed for us on this appeal is whether this finding of fact by the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal.
Louisiana Civil Code Art. 2245 provides:
“If the party disavow the signature, or the heirs or other representatives declare that they do not know it, it must be proved by witnesses or comparison, as in other cases.”
As we held in Jenkins v. Lee, 166 So.2d 645 (La.App., 1st Cir., 1964): “Under this Article there were two ways in which a signature can be proved — one by witnesses, and the other by comparison.”
Plaintiff was unable to produce eye witnesses to the execution of the note. James Heap (of James Heap, Inc., the original payee) testified to circumstances surrounding the date of execution of the note, but he was unable to testify that he actually witnessed the signatures. The defendants themselves vigorously denied having signed it.
Resort was then had to expert testimony. Several authentic acts on file in the office of the Clerk of Court of the Parish of Washington, containing the signatures of the defendants, were introduced in evidence and were used by the court and the expert for purposes of comparison.
*334 Mrs. Elizabeth Loeb was qualified as an expert on behalf of the plaintiff. Her credentials included certification by the International Graphology Analysis Society. She examined blown-up photographs of the questioned signatures for evidence of forgery. She found no evidence of forgery. Then she compared the questioned signatures to those on the documents from the public records that were introduced in evidence. Her explanation of her method of comparison showed a very thorough and painstaking analysis had been made. She concluded, on the basis of these comparisons, that the questioned signatures were written by the same hands as those appearing on the several authentic acts taken from the public records.
The case was tried on April 5, 1972. It was taken under advisement. Judgment was rendered on May 6, 1972 declaring the signatures authentic and granting judgment for the plaintiff. The defendants then applied for a new trial for the purpose of producing expert handwriting testimony of their own. A new trial for the limited purpose of the introduction of additional expert testimony by the defendants was scheduled and held on October 25, 1972. At this hearing, Cy Courtney, a recognized expert in the field of questioned documents, testified for the defendants. He said that he had studied the questioned document and the authentic acts signed by the defendants and that the signatures on the promissory note were not that of Mr. and Mrs. Williams. His testimony was as impressive as Mrs. Loeb’s and might have presented an irreconcilable conflict raising serious doubts as to whether plaintiff had carried his burden of proving his case by a preponderance of the evidence, but for something that happened at the very end of Mr. Courtney’s appearance as a witness. Just before he left the witness stand, Mr. Courtney was presented with two documents, both authentic acts and both taken from the public records which he had not seen before. He was asked to examine those documents and compare those signatures with the questioned signatures. He did so and concluded that those two public record signatures had been written by the same hands as those appearing on the questioned document. He said that he would have to agree with Mrs. Loeb that the signatures appearing on those two instruments and on the questioned document were in the same handwriting.
At this hearing Mrs. Loeb was allowed to testify once more and she remained committed to her earlier conviction that the signatures belonged to Mr. and Mrs. Williams.
After hearing this testimony, the trial judge remained convinced that the signatures were genuine, and he affirmed his original decision.
In their efforts to attack this judgment, defendants cite D’Angelo v. Nicolosi, 197 La. 797, 2 So.2d 216 to remind us that handwriting expert testimony should be received and acted on with great caution and that proof of handwriting by comparison is in most cases very unsafe even when several documents are offered for comparison. It is apparent that the rule of the D’Angelo case was properly observed by the trial judge.
The D’Angelo case does not say handwriting expert testimony is worthless. It means the trier of fact must give such testimony particularly careful scrutiny. The measure of the trial court’s reliance on expert testimony in this field may be stated another way by quoting language from the old case of Temple v. Smith, 7 La.Ann. 562: “the trier of fact is not bound to surrender its own opinion, formed by its own comparison, to the opinion of witnesses however experienced.”
The trial judge made his own comparisons, and reached his own conclusions, as have we, concerning the genuineness of these signatures. The trial judge concluded, as have we, that the questioned note was signed by defendants. He was assist *335 ed in reaching that decision by the opinions of experts. He was undoubtedly influenced, as we are influenced, by the agreement between the experts that at last two unquestioned documents, now on the public records, and the questioned one, were signed by the same hands. The trial judge showed much patience, thoughtfulness and generosity in granting to defendants a new trial under circumstances where his discretion would not have been abused had he refused it. That new trial gave defendants an opportunity to present their own expert. In short, every action of the trial judge herein suggests that he was striving to discover the truth in the case. We think he found it. The judgment of the trial court is affirmed, at defendants’ costs.
Affirmed.