DOMENGEAUX, Judge.
This case was consolidated at trial and remains so on appeal with the case of Rozas v. Guillory, et al., La.App., 349 So.2d 457, in which a separate judgment is being rendered this date.
The cases arose out of an automobile accident which occurred on July 20,1975, in Opelousas, Louisiana, between a vehicle which was owned and operated by defendant Joseph A. Guillory, and a vehicle being operated by Mrs. Gladys K. Rozas in which Mrs. Willis Rozas and Mrs. Cora Sonnier were passengers.
At trial all parties stipulated that the accident was caused solely by the negligence of Joseph A. Guillory (also known as Alfie R. Guillory), and limitations were placed on the damages to be recovered by each injured party, who were Mrs. Willis Rozas, Mrs. Cora Sonnier, and Mrs. Gladys K. Rozas.
Prior to the accident, Hanover Insurance Company had issued an automobile policy with uninsured motorist protection features to Mrs. Willis Rozas, one of the guest passengers, which also covered Mrs. Cora Son-nier, the other guest passenger. This policy would only apply if Joseph A. Guillory were not insured under a policy which had been issued by Dixie Auto Insurance Company, but which Dixie claimed had been cancelled prior to the accident at the request of Guil-lory.
Thus the cases went to trial with the only issue being whether or not the automobile liability insurance policy issued to Guillory by Dixie had been cancelled prior to the accident.
The trial judge held that Guillory had never requested the cancellation, and thus the policy was in full effect. We affirm the holding of the district court.
Joseph Guillory had in effect some time prior to March, 1975, an automobile insurance policy number EAD 826203 with Dixie Auto Insurance Company. On April 18, 1975, the following handwritten letter was received by Dixie:
“P. 0. Box 524
Opelousas, Louisiana
March 29, 1975
Dixie Auto Insurance Co.
2308 4th Avenue, North
Birmingham, Alabama
Dear Sir:
Cancel insurance policy numbered EAD 826203.
Sincerely,
/s/ Alfie R. Guillory”
On May 2, 1975, Dixie allegedly mailed a notice of cancellation to W. J. Fruge, Guil-lory’s insurance agent or broker who obtained the policy. A copy of that notice was also sent to General Motors Acceptance *455 Corporation, the holder of Guillory’s mortgage note. Dixie also sent to Fruge the unearned premium as required by La.R.S. 22:637.
At trial, Guillory denied ever having written the letter requesting cancellation of his policy. Fruge also denied sending the letter on behalf of Guillory.
The trial judge held that the purported signature of Guillory on the letter requesting cancellation was not the true signature of Guillory. He reached this conclusion by comparing this signature with other bona fide signatures of Guillory, and did not resort to the aid of expert opinion.
As the trial was coming to a close, defendants requested that the trial judge later reopen the evidence so that expert opinion might be sought on this issue. The trial court denied this request in his written reasons for judgment. Defendants cite this denial as manifest error. We disagree.
Where the insurer defends on the ground that the policy was cancelled, the insurer carries the burden of establishing facts which will relieve liability. I.C. Realty, Inc. v. Clifton Conduit Company, etc., 291 So.2d 422 (La.App. 4th Cir. 1974).
Guillory disavowed his signature to the letter of cancellation. Under I.C. Realty, Inc., supra, it is incumbent upon the insurer Dixie to prove that the signature was valid. See also C.C. 2244 and 2245.[1] Dixie offered no witness or expert to prove the validity of the signature. It disputes the authority of the trial judge to decide this issue without the benefit of expert testimony.
In the venerable case of Vickers v. Coburn, 7 La.App. 206 (1927) the court stated:
“Some question is raised in argument as to the right of the trial judge to make a comparison of handwritings and to draw conclusions from his own examination of the writings, but such a proceeding is clearly sanctioned by Article C.C. 2245 and Art. C.P. 325. It would indeed be a strange anomaly if judges could not make comparisons of handwritings, but would have to depend solely upon so-called expert testimony, which, although generally helpful, is by no means infallible. Watts vs. Collier, 140 L. 99; 72 South. 822.”
More recently, in White v. Williams, 313 So.2d 333 (La.App. 1st Cir. 1975), the appellate court made its own comparison of the handwriting in question to verify the comparison made by the trial judge. Although the trial judge in that case had benefit of expert testimony, we see no reason to disapprove the comparison made in the instant case. Defendant knew in advance of trial that he would need experts on this issue, but waited till the end of trial to consider obtaining them. Under those circumstances we do not feel the judge abused his discretion in not granting a continuance for the purpose of receiving additional testimony; especially in view of his authority in determining this factual question.
Although there appears to be a mysterious cloud surrounding the circumstances of the so-called cancellation letter, we cannot afford ourselves the luxury of speculation in finding manifest error on the part of the district judge. There is a sufficient evidentiary basis to conclude that neither Guillory or Fruge wrote or mailed the letter. Such being the ease, the so-called cancellation by Dixie is not effective because it fails to meet the requirements of LSA-R.S. 22:636.1 or LSA-R.S. 22:637.
We decide this case upon the issue of the disavowed signature. The issue of whether Fruge was an agent or a broker is therefore pretermitted.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs are assessed against defendant-appellant, Dixie Auto Insurance Company.

AFFIRMED.

HOOD, J., dissents and assigns written reasons.

. Compare Louisiana Code of Criminal Procedure Article 460.1.