DUFRESNE, Judge.
The facts of this case are undisputed. The case involves a claim by the plaintiff, Chrysler Credit Corporation, for the loss of value and property damage sustained to a .1983 Dodge Ram Van stolen on August 15, 1984. The defendant, Liberty Mutual Insurance Company, has been sued as the insurance carrier which provided coverage for the Dodge Van and who failed to notify the mortgagee, Chrysler Credit of the insurance cancellation.
Prior to the trial of this matter, Chrysler Credit and Liberty Mutual agreed to stipulate the following facts:
1. Defendant, Liberty Mutual Insurance Company, issued a business automobile policy number AS1-191-044519-023 in favor of Tulano’s Wholesale Company, Inc.
2. This policy of insurance included as a covered auto a 1983 Dodge Ram Van, serial number 2B6HB23TXDK305223.
3. Chrysler Credit Corporation is listed on said insurance policy as the loss payee of the 1983 Dodge Ram Van, serial number 2B6HB23TXDK305223.
4. The effective dates of business auto policy number AS1-191-044519-023 were to be December 16, 1983 through December 16, 1984.
5. The insured cancelled this policy of insurance coverage on July 6, 1984.
6. Pursuant to the cancellation by the insured, defendant, Liberty Mutual Insurance Company did not notify plaintiff, Chrysler Credit Corporation of such cancellation.
7. On August 15,1984, the 1983 Dodge Ram Van bearing serial number 2B6HB23TXDK305223 was stolen.
8. On January 24, 1985, the above referenced Dodge Ram Van was located in Bakersfield, California and *1141 subsequently returned to plaintiff, Chrysler Credit Corporation.
9.At the time of the theft, the above referenced van had an odometer reading of approximately 68,000 miles and a book value of $9,287.50.
10. At that time of the above referenced vehicle’s return, it had an odometer reading of approximately 80,000 miles and a book value of $8,787.50.
11. The cost to repair the damages sustained by the above referenced vehicle was $930.84.
At trial, Chrysler Credit argued that Liberty Mutual was required to communicate notification of the insured’s (Tulano’s Wholesale Company, Inc.) cancellation. Furthermore, the failure to send notice of the cancellation rendered Liberty Mutual liable for the damages to the van. Liberty Mutual contended that a valid cancellation by an insured does not impose a duty upon the insurer to notify a loss payee of such cancellation.
The trial court rendered judgment in favor of Liberty Mutual holding that, by law Chrysler Credit was not entitled to notice of the cancellation because its rights as a loss payee were merely conditional and it had no vested interest in the contract of insurance. The court concluded that Liberty Mutual was not liable for its failure to notify Chrysler Credit.
From this judgment Chrysler Credit has devolutively appealed.
The issue which is vital to the resolution of this case is whether the cancellation notification by the insured, Tulano’s Wholesale Company, Inc. to its insurer, Liberty Mutual should have been forwarded to the named loss payee, Chrysler Credit. Chrysler Credit argues that in the absence of such notice, the insurer will be liable to the loss payee for damages incurred after the cancellation date. We disagree.
The cancellation notice received by Liberty Mutual from its insured is a communication between contracting parties.
Notice to the loss payee, Chrysler Credit, is not required either by statute, case law nor public policy.
LSA-R.S. 22:637 allows an insured to cancel a policy of insurance at the insured’s option:
“A. Cancellation by the insured of any policy which by its terms is cancellable at the insured’s option or of any binder based on such policy may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. In event the policy or binder has been lost or destroyed and cannot be so surrendered, the insurer may in lieu of such surrender accept and in good faith rely upon the insured’s written statement setting forth the fact of such loss or destruction.
B. Following such cancellation the insurer shall pay to the insured or to the person entitled thereto as shown by the insurer’s records, any unearned portion of any premium paid on the policy as computed on the customary short rate or as otherwise specified in the policy. If no premium has been paid on the policy, the insured, shall be liable to the insurer for premium for the period during which the policy was in force.
C. The surrender of a policy to the insurer for any cause by any person named therein as having an interest insured thereunder shall create a presumption that such surrender is concurred in by all persons so named. (Emphasis added.)
D. This Section shall not apply to life insurance policies or to annuity contracts, nor to the contracts provided in Part XV of this Chapter.”
We hold that in this instance, the contract of insurance between Tulano’s Wholesale and Liberty Mutual is a bilateral obligation, and Chrysler Credit is only a conditional party to the principal relationship. Thus, the present case would not dictate that a third party loss payee whose interest is conditional, has a vested right in the *1142 contractual relationship between the insurer and its insured.
The relevant provision of LSA-R.S. 22:637 places the burden of cancellation upon the insured. The insured by giving written notice to the insurer and surrendering the actual policy of insurance can achieve a valid cancellation.
It is clear from the record that Tulano’s Wholesale, the named insured, exercised its right pursuant to law and cancelled its coverage by sending written notice and by surrendering its policy to Liberty Mutual.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.