751 So.2d 975 (2000)
Todd M. ACCARDO
v.
CLARENDON NATIONAL INSURANCE COMPANY.
No. 99-CA-398.
Court of Appeal of Louisiana, Fifth Circuit.
January 4, 2000.
Writ Denied April 7, 2000.
*976 Pride J. Doran, Jeansonne & Remondet, Lafayette, Louisiana, for defendant-appellant.
Samuel J. Accardo, Jr., Accardo, Edrington & Golden, LaPlace, Louisiana, for plaintiff-appellee.
(Court composed of Judges CHARLES GRISBAUM, Jr., JAMES L. CANNELLA, and SUSAN M. CHEHARDY).
GRISBAUM, Chief Judge.
Defendant-appellant, Clarendon National Insurance Company, appeals the trial court's judgment in favor of plaintiff-appellee, Todd Accardo, finding that the insurance policy for named insured, Tech 21, L.L.C., and additional insured, Todd Accardo, was in full force and effect on May 24, 1998 as to Todd Accardo. We affirm.

ISSUE
The sole issue presented is whether the trial court erred in finding that the insurance policy issued by Clarendon National Insurance Company to named insured Tech 21, L.L.C., and additional insured, Todd Accardo, was in full force and effect on May 24, 1998 as to Todd Accardo.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Todd Accardo, (hereinafter "Accardo") was involved in an automobile accident on May 24, 1998. On May 26, 1998, when Accardo filed a claim with the Louisiana Insurance Services, he learned that there had been a purported voluntary surrender of the policy, days earlier by Joseph Accardo, III. The policy under which Accardo filed for coverage was issued by Clarendon National Insurance Company (hereinafter "Clarendon") to *977 named insured, Tech 21, L.L.C., and additional insured, Todd Accardo.
Accardo was a member and manager of the limited liability company known as Tech 21, L.L.C until he withdrew on February 16, 1998. Accardo owned the vehicle insured under the Clarendon policy, a 1994 Ford Explorer. The company requested that Accardo use his vehicle for company purposes, thus, it obtained a one million dollar insurance policy from Clarendon, on which Accardo was named as an additional insured. When Tech 21 acquired this policy, Accardo dropped his personal insurance policy through Farm Bureau at the recommendation of his agent and with the consent of all members of Tech 21. Thus, at the time of the accident, the Clarendon policy was the only one in effect. Importantly, when Accardo withdrew from the company, he was told that the insurance premiums on the Explorer had been paid through June 4, 1998, and that these premiums were non-refundable.
On May 15, 1998, Joseph Accardo, III, a member of Tech 21, executed a document, at the insurance agent's office, attempting to surrender the Clarendon policy on behalf of Tech 21. Clarendon refunded the unused portion of the premium which had been paid. Joseph Accardo left a message on Todd Accardo's answering machine informing him that the company was terminating the Clarendon policy. Accardo was out of town at the time this message was left, but he received it when he returned. At trial, Accardo testified that he thought Joseph Accardo, III was calling to remind him that policy would expire on June 4, 1998 as he was previously informed, and that he should obtain other insurance.
On June 22, 1998, Accardo filed a Petition to Enforce Automobile Insurance Policy For Damage in the Fortieth Judicial District. The trial court found that Clarendon had a duty to issue a notice of cancellation to Accardo, which it failed to do. Thus, the trial court concluded that Clarendon violated its duty to Accardo and failed to prove that the policy was cancelled. Accordingly, the trial court found that the Clarendon policy was in full force and effect on May 24, 1998 as to Todd Accardo. Defendant, Clarendon, appeals this judgment.

LAW AND ANALYSIS
Our statutory law provides that "[t]he surrender of a policy to the insurer for any cause by any person named therein as having an interest insured thereunder shall create a presumption that such surrender is concurred in by all persons so named." La. R.S. 22:637(C). An insurable interest is defined as "any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." La. R.S. 22:614(B). Under La. R.S. 22:637(C), the surrender of the policy by one named insured creates a rebuttable presumption that the policy has been cancelled by all those named in the policy who have an insurable interest.
Louisiana jurisprudence provides that "[w]here the insurer defends on the ground that the policy was cancelled, the insurer carries the burden of establishing facts which will relieve liability." Rozas v. Guillory, 349 So.2d 453, 455 (La.App. 3d Cir.1977), writ denied, 351 So.2d 1205 (La. 1977), citing I.C. Realty, Inc. v. Clifton Conduit Co., Division of General Cable Corp., 291 So.2d 422 (La.App. 4th Cir. 1974). The insurer must show facts which constitute positive and unequivocal proof of understanding that the policy was cancelled. Wallen v. Simpson, 518 So.2d 1144 (La.App. 4th Cir.1987), writ denied, 523 So.2d 214 (La.1988); Chapman v. Leger, 405 So.2d 604 (La.App. 3d Cir.1981).
Here, both Tech 21 and Accardo were named in the policy and had an insurable interest in the vehicle insured. Accardo's insurable interest arises from his ownership of the vehicle. Thus, concurrence of both was required for a valid cancellation of the policy. Here, the evidence is clear that Accardo did not concur in the surrender of the policy and that he *978 did not have any understanding that the policy was cancelled. Thus, the presumption that the policy was cancelled was rebutted.
The trial court further found that Clarendon had a duty to send Accardo notice of cancellation and that it breached that duty. We have a strong public policy requiring prior notice of cancellation of an insurance policy to an insured so as to afford the insured time to obtain other insurance. Rachuba v. Hickerson, 503 So.2d 570 (La.App. 4th Cir.1987) (citations omitted). While notice of cancellation to the insured by the insurer is generally required in situations in which the insurer cancels the policy, we find that where there is more than one insured, i.e., two named insureds or a named insured and an additional insured, notice of cancellation must be sent to those insured when an insured cancels the policy. See La. R.S. 22:636.1. Otherwise, in an instance such as here, an additional insured may end up without any insurance because he was unaware that the named insured on the same policy cancelled his policy. We note that our statutory law requires concurrence of all insured, with an insurable interest, to cancel a policy. La. R.S. 22:637. We believe the purpose of this requirement is to prevent a named insured from canceling a policy on which another named insured or, as here, an additional insured relies. This Court has held that notice of cancellation to a loss payee is not required by statute, jurisprudence, or public policy. Chrysler Credit Corp. v. Liberty Mutual Ins. Co., 483 So.2d 1140 (La.App. 5th Cir.1986). We, however, find that, in a situation such as here, where there is a named insured and an additional insured and a named insured cancels an insurance policy without the consent of the additional insured, there is a strong public policy requiring that notice is sent to the additional insured. Accordingly, we find that the surrender of the Clarendon policy by Tech 21 was not statutorily or jurisprudentially sufficient for Clarendon to avoid coverage for Accardo's May 24, 1998 accident.
For the reasons assigned, we affirm the trial court's judgment. We assess all costs of this appeal against the appellant.
AFFIRMED.
CANNELLA, J., DISSENTS WITH REASONS.
CANNELLA, J., dissenting with reasons.
I respectfully disagree with the majority conclusion that the automobile liability policy in question provided coverage for the accident despite the fact that the policy had been canceled by the named insured prior to the accident.
There was only one named insured on the policy, Tech 21. At a later point in the policy, the policy listed plaintiff as an "additional insured" because he was the owner of the insured vehicle. The policy was canceled by the named insured prior to the accident. Yet, the majority holds that the policy nevertheless provides coverage because plaintiff did not receive notice of the cancellation from the insurer. In my view, the majority errs in concluding that notice to plaintiff by the insurer was required.
The majority correctly points out that notice of cancellation to a loss payee is not required. Further, the policy itself provides that "the first named insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation." The named insured on this policy did provide written notice of the cancellation prior to the accident and received a return of the unused premiums. The policy was effectively canceled at that time, prior to the accident.
Moreover, there is no compelling reason in this case to hold otherwise. Plaintiff left the company months prior to the accident and removed his vehicle from use by the company realistically, he could not have had any expectation that the company would continued the coverage on the vehicle when its usage ceased.
*979 Finally, La. R.S. 22:636.4, addressing the insurer's right to cancel a commercial liability policy, provides that the insurance company may cancel the policy by sending notice in writing to "the first-named insured at the mailing address shown on the policy." By analogy, surely the only-named insured can cancel the policy by giving written notice to the insurance company.
While plaintiff may have some cause of action against Tech 21 for canceling the policy without notifying him after allegedly telling him otherwise, this does not translate into a holding, as the majority has held, that coverage is provided by the insurance company for the accident occurring after cancellation of the policy by the only named insured.