CLARENCE E. McMANUS, Judge.
IsThis is an appeal by Atmosphere Moving and Storage, Inc., defendant-appellant, from a summary judgment in favor of Canal Indemnity Co., its insurer, dismissing Canal from this highway accident suit on grounds that the insurance policy at issue did not cover the specific truck involved in the incident. For the following reasons, we affirm the judgment.
The underlying suit arose out of a collision that occurred on an interstate highway. A truck owned by Atmosphere and operated by its employee Donald Manint struck the rear of a vehicle operated my Iban Lopez. Suit was filed by Lopez and his wife against Atmosphere, Manint, Canal Indemnity Co. as Atmosphere’s insurer, and Allstate Insurance Co., the Lopez’s uninsured/underinsured carrier.
The basic facts regarding the coverage issue before us are straightforward. Atmosphere is a moving company. Until late 2007, it operated 14 trucks, but because of a downturn in business, it decided to idle some of its fleet. Its insurance broker, American Insurance Brokers, Inc. (AIB), had procured a policy of liability insurance with Canal. That policy is a scheduled vehicle policy, i. e. only vehicles listed are covered. AIB informed Warren Stockstill, III, Atmosphere’s owner, that |4to remove the idled vehicles from coverage under the Canal policy he would have to sell them. Stockstill filled out and signed nine bills of sale relating to vehicles to be taken off the policy, sent them to AIB, which in turn forwarded them to Canal. In January, 2008, Canal duly removed the nine trucks from the vehicle schedule, reduced the policy premium, and sent the revised schedule listing the removed vehicles to Atmosphere with a refund on the premium.
On April 18, 2008, an Atmosphere truck was in an accident involving the plaintiffs here. When Canal was notified of the accident, it declined coverage on the grounds that Atmosphere had submitted a bill of sale establishing that that truck had been sold, and as per the request of Atmosphere and its broker, AIB, it had removed it from the schedule of covered vehicles. Canal also declined coverage un *1225 der the MCS-90 endorsement of the policy, applicable to vehicles in interstate commerce, on grounds that the truck involved in the present accident was engaged only in intrastate activity.
Canal urged a motion for summary judgment which was granted, dismissing it from the suit with prejudice. This appeal by Atmosphere followed. Allstate Insurance Co., the uninsured motorist insurer of the plaintiffs, has joined in the appeal.
Appellate courts review summary judgments de novo, utilizing the same analysis as that used in the district court, ie. whether there are genuine issues of material facts in dispute, and if not whether the moving party is entitled to judgment as a matter of law. La.C.C.Pr. Art. 966; Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. In the motor vehicle insurance context, where the insurer asserts that the policy was cancelled, it carries the burden of establishing facts which will substantiate this claim. Accardo v. Clarendon Nat’l Ins. Co., 99-398 (La.App. 5 Cir. 1/4/00), 751 So.2d 975.
|fiIn the present case, the details of the uncontested facts are as follows. Canal had in effect a scheduled vehicle policy of liability insurance covering fourteen trucks operated by Atmosphere, a furniture moving company. In late 2007 Atmosphere decided to idle nine of its trucks and contacted its broker, AIB, to discuss cancel-ling the insurance on the vehicles. AIB informed Warren Stockstill, III, the owner of Atmosphere, that he would have to sell the trucks to accomplish the cancellation. Stockstill duly prepared nine bills of sale providing the year, make and VIN number of each vehicle to be removed from the vehicle schedule and sent them to AIB, who in turn sent them to Canal. In late January of 2008, Canal removed the nine trucks for which bills of sale had been provided, sent the new endorsement showing the year, make and VIN number of the removed trucks, and refunded the unearned premiums for these vehicles. Atmosphere made no corrections or objections to these documents at that time.
On April 18, 2008, two and one-half months after the cancellations went into effect, the accident at issue here occurred. When Canal was notified of the accident, it denied coverage on grounds that the truck involved was one of the nine for which coverage had been cancelled. That truck was a 1998 International, VIN 1HTSCAAM1WH508644 (hereinafter 8644). There is no dispute that Stockstill had sent a bill of sale showing that this vehicle had been sold and requesting through AIB that coverage be cancelled by Canal. Neither is there any dispute that Atmosphere received the new endorsement showing the cancellation, as well as the premium refund.
Once suit was filed and Canal denied coverage, Stockstill asserted in an affidavit that there had been an error made as to which trucks were to be removed from the policy. His explanation was that the original policy schedule of the fourteen trucks listed them by number, followed by the year, make and VIN | ¿number. He said that his internal tracking of the trucks was also done by number, and that these tracking numbers coincided with the numbers on the schedule, except for trucks nos. 4 and 5. The policy schedule listed no. 4 as a 1998 International truck, VIN 8644, and it listed no. 5 as a 1999 GMC straight truck, VIN 5694. Under the internal tracking numbers, the International was carried as no. 5, and the GMC was carried as no. 4. Stockstill stated that when he was preparing the bills of sale he simply went down his internal list and filled the bills out for the trucks he no longer wanted to keep in service. His intention was to *1226 sell the GMC, no. 4 on his list, and he entered the information for truck no. 4 from the policy schedule onto the bill of sale. Unfortunately, the information for truck no. 4 on the policy schedule was that of the International, and not the GMC. Stockstill also stated that he would never have knowingly put an uninsured truck on the road.
Atmosphere argues that because the International was removed in error, the policy should be reformed to correct this error. Alternatively, it argues that Stockstill’s intent when preparing the bills of sale is a factual issue in dispute which precludes the granting of summary judgment. As to the second ■ argument, we deem it moot because we accept as true for purposes of this appeal that Stockstill made an error in listing the truck to be removed. The inquiry here is whether that error constitutes grounds to reform the insurance policy. We hold that it does not.
The law and jurisprudence applicable to reformation of insurance policies was set forth in Samuels v. State Farm Mutual Auto. Ins. Co., 2006-0034 (La.10/17/06), 939 So.2d 1235. There, it was explained that insurance policies are contracts and should be construed using the general rules of interpretation of contracts. As in other types of written agreements, insurance policies may be preformed if through mutual error or fraud the policy does not express the actual agreement of the parties.
In the present case, there is no mutual mistake, and fraud is not an issue. Canal was instructed by Atmosphere and its broker, AIB, to remove from the policy a list of vehicles which were represented as having been sold. One of the vehicles was identified as a 1998 International truck, VIN 8644. Canal did as it was instructed and deleted the truck from coverage. It then returned to Atmosphere an amended schedule of vehicles showing the deletion. It also refunded the unearned premium on that specific truck. At no time prior to the accident was Canal put on notice of any mistake. Accepting Stockstill’s assertion that he inverted the numbers on two of the trucks as true, there is still no mutual error as to the identity of which trucks were still insured and which trucks had been deleted. Canal insured exactly what it was instructed to insure, and any error was therefore unilateral. In this circumstance, summary judgment in favor of Canal was proper.
We also note that because Canal was asserting that the coverage on the truck had been cancelled, it had to prove this assertion. Accardo v. Clarendon Nat’l Ins. Co., supra. This it did by overwhelming evidence. It then fell to Atmosphere to show why coverage may still have existed. Here, there is an inference that of the two trucks only the International was in service at the time of the accident, and therefore that no additional risk would have been encountered by Canal if the International were deemed to have been the insured vehicle, rather than the GMC. However, even were this hypothetical considered sufficient grounds to reform the contract, there is nothing in the record to substantiate it. Moreover, when Stockstill asserted that he would never put an uninsured vehicle on the highway, Canal sought discovery of Atmosphere’s records for all of its 1 ¡¿rucks during the pertinent period. Atmosphere objected to this discovery on grounds that the records for the other trucks, and presumably including those for the GMC, were irrelevant to the case. Canal urged a motion to compel responses to its discovery requests, but the motion for summary judgment was rendered before that discovery motion was taken up. Consequently, no evidence appeared of record to establish whether the *1227 GMC had actually been taken out of service.
Thus, not only did Atmosphere not establish a mutual error, but it also failed to show that were the court to reform the contract to include the International, Canal would not be required to undertake additional risks to which it had not agreed, and for which it was not compensated.
The next issue concerns the applicability of the MCS-90 endorsement in the policy. An MCS-90 endorsement to a liability policy obligates an insurer to cover the insured’s negligence involving vehicles subject to the requirements of the Motor Carrier Act. That act obligates insurers of motor carriers to pay certain judgments against their insureds arising from transportation of goods in interstate commerce, even where the insurance contract would have excluded coverage. An MCS-90 endorsement in a policy recognizes that obligation. The endorsement here states:
In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any judgment recovered against the insured for public liability resulting from the negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Section 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.
The question is thus whether the truck at issue here is one subject to the requirements of the above Sections 29 and 30 of the Act.
|9In Canal Insurance Co. v. Coleman, 625 F.3d 244 (5th Cir.2010), the court discussed at length the operation of the Motor Carrier Act and the requirements of Sections 29 and 30 on the Act’s applicability. Initially, that court noted that the applicability of a MCS-90 endorsement is a question of federal law. It then analyzed Sections 29 and 30 and concluded that the Motor Carrier Act applies when the carrier is transporting goods for a third party in interstate commerce. It further ruled that this analysis is to be applied in a trip-specific manner, ie. whether during the trip in which the accident occurs the carrier was transporting goods in interstate commerce. Although in that case the issue was whether the carrier was transporting goods, the trip-specific analysis is equally applicable here where the issue is whether the truck was engaged in interstate commerce. Because there is no factual dispute that the trip in which the accident occurred was not one involving interstate travel, we hold that the MCS-90 endorsement in the policy did not extend coverage for this accident.
A final issue concerns the admissibility of evidence at the hearing on the motion for summary judgment. Although Atmosphere had questioned, in its opposition to the motion for summary judgment, the admissibility of certain papers upon which Canal was relying, when those papers were introduced at the hearing no objection was made. Because no contemporaneous objection to the evidence was entered at the hearing, this issue was not properly preserved for appeal. Matthews v. Breaux, 04-958 (La.App. 5 Cir. 2/15/05), 896 So.2d 1146.
For the foregoing reasons, the summary judgment dismissing Canal Indemnity Company from the suit with prejudice is hereby affirmed.

AFFIRMED