MADELEINE M. LANDRIEU, Judge.
| plaintiff, Mario Diaz, appeals the trial court’s judgment granting summary judgment in favor of Allstate Insurance Company (“Allstate”). For the reasons that follow, we affirm the judgment of the trial court.
Facts and Proceedings Below
Mr. Diaz was a passenger in a vehicle driven by Eudolio Lopez when that vehicle collided with a vehicle driven by Darrell Butler. Mr. Diaz filed a petition for damages for alleged injuries sustained in the accident against Mr. Lopez and his insurer, Assurance American Insurance Company, and Mr. Butler and his insurer, Allstate.
Allstate filed a Motion for Summary Judgment, alleging that Mr. Butler was 'not covered under an Allstate policy at the time of the accident. In support of its motion for summary judgment, Allstate submitted the cancellation notice mailed to Mr. Butler, a “Record of Mailing,” and the affidavit of Kathy Collard, an employee hat Allstate’s Customer Enterprise Service Center.[1] After 'a contradictory hearing, the trial court granted Allstate’s motion. This appeal follows.
Assignments of Error
Mr. Diaz contends that the trial court erred in granting Allstate’s motion for summary judgment because (1) Allstate failed to meet its burden for summary judgment; (2) Allstate failed to satisfy the requirements for proper cancellation of an automobile policy for non-payment of premium; (3) Allstate’s cancellation notice was inadequate under Louisiana law; (4) Allstate failed to satisfy the proof of notice requirement; and (5) the trial court erred in considering the affidavit of Kathy Collard, an Allstate employee.
Discussion
We review the trial court’s granting of a motion of summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Fleming v. Hilton Hotels Corp., 99-1996, p. 2 (La.App. 4 Cir. 7/12/00), 774 So.2d 174, 176.
At the time of the hearing on the motion for summary judgment, Louisiana Code of Civil Procedure article 966 provided that summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admission, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, *1038 show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The |3burden of proof is on the movant. La. C.C.P. art. 966(C). However, if the movant does not bear the burden of proof at trial,
the movant’s burden on the motion does ,not. require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to .point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. C.C.P. art. 966(C)(2). “Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made.” La. C.C.P. art. 966(F)(2). In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Mitchell v. St Paul Fire and Marine Ins. Co., 01-0596, p. 3 (La.App. 4 Cir. 2/6/02), 809 So.2d 517, 519 (citations omitted).
Mr. Diaz contends that summary judgment was not appropriate because Allstate’s cancellation notice and procedure were not valid under the provisions of Louisiana Revised Statute 22:1266. The statute provides, in pertinent part,
B(l) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium;
[[Image here]]
D(l) No notice of cancellation of a policy to which Subsection B ... of this section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insurer at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason shall be given. ... Notice of cancellation 14for nonpayment of premiums shall not be required to be sent by certified mail.
[[Image here]]
F. Proof of mailing of notice of cancellation ... to the named insured at the address shown in the policy, shall be sufficient proof of notice.
Under the provisions of this statute, an insurance company may cancel a policy for nonpayment of premiums ten days after mailing a cancellation notice to the insured with reason for cancellation. Here, Allstate submitted the “auto policy cancellation notice for nonpayment of premium” sent to Mr. Butler. The cancellation notice contained “information as of January 14, 2011.” The notice stated “If you want your insurance coverage to continue and do not want it to cancel, please make sure we receive the minimum amount due by the end of the day (midnight) on February 2, 2011 or your policy will cancel at 12:01 a.m. Standard Time on February 3, 2011.” The notice explained that the minimum amount due was $779.80.
Ms. Collard stated in her affidavit that the policy records of all persons insured by Allstate who reside in Louisiana were in her care, custody, and control. She stated that after searching the records of Mr. Butler’s policy,, she found that this policy was not in effect on the date of the accident — May 19, 2011. Further, she stated:
On December 23, 2010, Allstate Property and Casualty Insurance Company was notified that Darrell Butler’s payment of $254.42 was returned for insuffi *1039 cient funds. A cancellation notice was then sent to Darrell Butler on January-24, 2011, at the address listed on the policy, that he owed payments for December of 2010, January of 2011, and February, of 2011.... These payments were due on February 3, 2011 or his policy would be cancelled. The total due was $779.80, which included 3 months of payments of $254.42 and also a $15 in-suffícient Uee and installments fees. No payment was received and Darrell Butler’s policy number 931870236 was cancelled on that date. Policy number 931870236 was thus not in effect on May 19, 2011.
In opposition to the motion for summary judgment, Mr. Diaz argued, without submitting any evidence, that Allstate failed to meet its burden because the cancellation notice was inadequate and Ms. Collard’s affidavit was improper because it was not based on her personal knowledge.
We find that Allstate met its burden of proving that there are no genuine issues of material fact, specifically that Mr. Butler was not covered under an Allstate policy on the date of the accident. The evidence submitted on the motion showed that Allstate properly cancelled the policy by mailing a notice of cancellation to Mr. Butler’s address at least ten days prior to cancel-ling the policy. Following receipt of the cancellation notice, Mr. Butler did not submit a payment, and, thus, Allstate can-celled the policy.
Mr. Diaz’s assignment of error that Ms. Collard’s affidavit was not based on her personal knowledge has no merit. Ms. Collard stated in her affidavit that the records of all policies in Louisiana were under her care, custody, and control. Ms. Collard stated in her affidavit that she “diligently reviewed” Mr. Butler’s policy records and found that a cancellation notice was sent to Mr. Butler informing him that if he did not pay the $779.80 that he owed, his policy would be cancelled. Further, she stated that Mr. Butler did not make a payment prior to the date contained in the cancellation notice. We find that Ms. Collard’s statements were based on her personal knowledge as she was the custodian of Mr. Butler’s policy [(¡records. See, Plummer v. Allstate Ins. Co., 98-1291 (La.App. 3 Cir. 3/3/99), 738 So.2d 21.
Conclusion
For these reasons, the trial court’s granting of summary judgment in favor of Allstate is affirmed.
AFFIRMED.

. The affidavit was attached to a supplemental memorandum in support of Allstate’s motion for summary judgment.