■ ROBERT M. MURPHY, Judge.
12Plaintiff-appellant, Carlos Polanco, individually and on behalf of his minor daughter, Laylonie Polanco, (“Polanco”), appeals the trial court’s October 23, 2014 judgment granting summary judgment in favor of defendant-appellee, National Automotive Insurance Company (“National”), and dismissing Polanco’s claims against National. For. the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On May 26, 2013, Esther Centeno, the mother of Laylonie Polanco,, was a passenger in a vehicle that was involved in a head-on collision with another vehicle driven by Jennifer Englade. Esther Centeno, as well as her unborn fetus, died as a result of the head-on collision. As a result of Esther Centeno’s death, Polanco filed a wrongful death action on May 23, .2014, against Ms. Englade, National (Ms. IsEnglade’s insurer), State Farm Mutual Automobile Insurance Company (Polanco’s insurer), St. John the Baptist Sheriffs Office, and Sheriff Mike Tregre, in his capacity as Sheriff of St. John the Baptist Parish.
National filed a motion for summary judgment on'September 9, 2014, alleging that Ms; Englade was not covered under a National policy at the time of the May 26, 2013 accident.' In it's motion, National alleged that it issued a policy of automobile liability insurance to Ms. Englade with an effective date of February 2, 2013 through August-2,; 2013, but that the policy was cancelled on March . 30, 2013 due to nonpayment of premium. In support of its motion for summary judgment, National submitted (1) the declarations page of Ms. Englade’s policy; (2) the notice of cancellation mailed to Ms. Englade, dated March 18, 2013 with an effective cancellation date of March 30, 2013; and (3) an affidavit of “Preparation of Cancellation Notice” and an affidavit of “Mailing,” dated March Í8, 2013. After a contradictory hearing, the trial court granted National’s motion for summary judgment. Polanco’s appeal now follows.
ASSIGNMENTS OF ERROR
On .appeal, Polanco contends that, the, trial court erred in granting National’s motion for summary judgment because (1) National failed to meet its burden for summary judgment; and (2) National failed to satisfy the requirements for proper cancellation of an. automobile insurance policy for non-payment of premium.
LAW AND DISCUSSION
A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment,. show that there is no genuine issue of material fact, and that the mover is.entitled to summary judgment as a matter of law.” La. C.C.P. art. 966(B)(2). It is well |4settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary'judgment is appropriate. Garrison v. Tanenbaum, 02-1181 (La.App. 6 Cir. 4/8/03), 846 So.2d 40, 42; (citing Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730, 750). Therefore, this Court must consider whether *342 there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
Louisiana jurisprudence provides that where an automobile liability insurer defends on the ground that the policy was cancelled prior to the date' giving rise to a claim under the policy, the insurer bears the burden of establishing facts which will relieve it of liability. Accardo v. Clarendon Nat’l Ins. Co., 99-398 (La.App. 5 Cir. 1/4/00), 751 So.2d 975, 977, writ denied, 00-0369 (La.4/7/00), 759 So.2d 761; Direct Gen. Ins. Co. v. Mongrue, 04-248 (La.App. 5 Cir 8/31/04), 882 So.2d 620, 623. The insurer must show facts which constitute positive and unambiguous proof of an understanding of the cancellation of the policy. Id. La. R.S. 22:1266 sets forth the notice requirements that must be followed by an insurance company in order to effect a cancellation of an insurance policy. ' La: R.S; 22:1266[1] mandates strict compliance with its statutory provisions for a' valid notice of cancellation of an insurance policy. Direct Gen. Ins. Co., supra. Notice is required to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Id.
La. R.S. 22:1266 provides, in pertinent part, as follows:
(B)(1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
i ⅜ * * -⅛
(D)(1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason shall be given .... Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonrenewal. (Emphasis added).
[[Image here]]
(D)(3)(a)(i) Payment of an initial, renewal, or installment insurance premium by the insured to an insurer or a producer with a check or other hegotiable instrument which is returned to the payee by the institution upon which it is drawn for "insufficient funds available in the account, for lack of credit, for the reason the account is closed, for stopped payment, or for any other reason shall be deemed grounds for the insurer to ean- ' cel the binder or policy from the date the premium payment was due for the initial or renewal term, whichever is applicable.
[[Image here]]
(D)(3)(b)(ii) The insurer shall immediately, and in no case later than ten days after the producer or premium finance company has notified the insurer, notify . the named insured, by certified mail or delivering to the named insured a writ *343 ten notice that the policy is canceled from the date the premium payment was due. The insurer shall advise the named insured that the policy shall be reinstated effective from the date the premium payment was ’due for the ‘term of the policy only if the named insured or his legal representative presents to the insurer a cashier’s check or money order for the full amount of the returned check or other negotiable instrument within ten days of the date that the notice of cancellation was mailed.
* * *
F. Proof of mailing of notice of cancellation, or of intention not to renew .or of reasons for cancellation, to :the named insured at the address shown in the policy, shall be sufficient proof of notice.
Polanco contends that summary judgment was not appropriate | fibecause National’s cancellation notice is, not valid under La. R.S. 22:1266(D)(3)(b)(ii). Specifically, Polanco argues that the notice failed to advise Ms. Englade that her policy would be reinstated from the date the premium was due, if she presented payment to National “for the full amount of the returned check or other negotiable instrument” within ten days of the date that the notice was mailed, in accordance with La. R.S. 22:1266(D)(3)(b)(ii).
Conversely, National contends that La. R.S. 22:1266(D)(3)(b)(ii) is inapplicable because it only applies where an insured’s policy is cancelled because the insured’s payment of a premium by check or other negotiable instrument has been returned “for insufficient funds, for lack of credit, for the reason the account is closed, for stopped payment, or for any other reason.” Here, National claims that “[Polanco] failed to offer any original or copy of any returned check” by Ms. Englade, and that no such evidence exists in the record. Because the record shows that it mailed Ms. Englade the cancellation notice on March 18, 2013, which was more than ten days prior to the March 30, 2013 cancellation date, National asserts that it has established that Ms. Englade’s policy was properly cancelled prior to the accident at issue for non-payment of premium, in accordance with La. R.S. 22:1266(D)(1).
In the present case, our review shows that National submitted the “Cancellation Notice” sent to Ms. Englade. The notice provides that it was mailed to Ms. Englade on March 18, 2013, and that her policy “is hereby cancelled effective [March 30, 2013], subject to the policy terms and conditions.” It provides that the reason, for the cancellation was “non-payment of premium,” but further states that “upon written request of the named insured ... within six months after the effective date of the cancellation, the insurer will specify the reason for such cancellation.” In addition, National also submitted an “Affidavit of ^Preparation of Cancellation Notice” and an “Affidavit of Mailing,” dated March 18, 2013, which aver that notices for cancellation were prepared for, and mailed to, the names and addresses of 317 of National’s insureds, which were provided in an attached ' list including Ms. Englade. The “Affidavit of Preparation of Cancellation Notice” provides that the affiant “accounted. for each notice as shown on the list,” but fails to provide any "further information. Finally, National also submitted the declarations page of Ms. Englade’s policy.
As set forth herein, it is well settled that where an insurer, such as National, defends on the ground that the policy was cancelled prior to the accident at issue, the insurer has the burden of establishing facts that will relieve it of liability. Accardo, supra at 977; Direct Gen. Ins. Co., supra at 623. Upon de novo review, we find that National has failed to meet its *344 burden of proving that Ms. Englade’s policy was properly cancelled prior to the date of the accident at issue. In this case, our review of the record shows that although National submitted .evidence showing that it sent Ms. Englade the notice, of cancellation alleging non-payment of premium ten days prior to the effective cancellation date as set forth in La. R.S. 22:1266(D)(1), National failed to submit any evidence establishing that Ms. Englade in fact failed to pay her premium' prior to the notice of cancellation.
Specifically, our review shows that National failed to submit any evidence of Ms. Englade’s premium payment history related to her policy with National, which purportedly gave rise to its notice of cancellation of her policy due to nonpayment of premium. See Direct Gen. Ins. Co., supra at 622-23 (reversing the trial court’s grant of the insurer’s motion for summary judgment as to its cancellation of an insurance policy for non-payment of premium, where the insurer failed to show that non-payment of the premium had occurred at the time the cancellation notice was sent to the insured); see cf. Diaz v. Lopez, 14-1041 (La.App. 4 Cir. 5/27/15), 171 So.3d 1036, 1038 (affirming the trial court’s grant of the insurer’s motion for summary judgment as to its cancellation of an insurance policy for non-payment of premium, where the insurer submitted, inter alia, an affidavit of its custodian of records averring that she reviewed.the records of the insured’s policy and confirmed the insured’s nonpayment of premiums prior to the cancellation notice, and that the insurer can-celled the policy on the cancellation date provided in the notice after no further payments were made by the insured following the mailing of the cancellation notice). .
We find that National’s notice of cancellation simply alleging “non-payment of premium” is insufficient to prove that nonpayment of Ms. Englade’s premium occurred, prior to National’s alleged cancellation of her policy.. Without any evidence establishing that Ms. Englade actually failed to pay her premium(s), this Court cannot determine whether National’s purported cancellation of Ms. Englade’s policy was properly based upon her “non-payment of premium,” as alleged in National’s notice of cancellation.
Accordingly, we find that National has failed to meet its burden of proving that Ms. Englade’s policy was properly can-celled prior to the date .of the accident giving rise to Polanco’s claim under the policy. Therefore, ■ -we reverse the trial court’s October 23, 2014 judgment granting National’s '.motion for summary judgment, and we remand .the matter to the trial court for further-proceedings.
REVERSED AND REMANDED

. At the timé of this Court’s opinion in Direct Gen. Ins. Co., supra, La. R.S. 22:1266 was codified as La. R.S. 22:636.1. La. R.S. ‘22:636.1 was re-codified as La. R.S. 22:1266 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.