| | | |
|---|---|---|
| LATZ-MO, BALDOMERO, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, MATILDE C. LOPEZ, EDWIN B. LOPEZ, ALBA A. LOPEZ AND DANI M. LATZ-LOPEZ, AND VITCOR LATZ-LOPEZ, MILTON LATZ-LOPEZ, MADELINE LATZ-LOPEZ AND EZER LATZ-LOPEZ | * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> * * * * * * * | NO. 2022-C-0771 <br><br> COURT OF APPEAL <br><br> FOURTH CIRCUIT <br><br> STATE OF LOUISIANA |

**VERSUS**

CLINTON SPOONER, JOSEPH
R. BRADY, GEICO CASUALTY
COMPANY AND STATE
FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-08651, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Rachael D. Johnson)


Scott A. Cannon
Shannon M. Livermore
Ryan P. Gregoire
CANNON & LIVERMORE, LLC
122 Village Street
Slidell, LA 70458

      COUNSEL FOR RELATOR/DEFENDANT


Arthur O. Schott, III
Ivan A. Orihuela
RIGUER SILVA, LLC
4706 Canal Street
New Orleans, LA 70119

Joseph A. Interiano
INTERIANO, LLC
4902 Canal Street, Suite 201
New Orleans, LA 70119

COUNSEL FOR RESPONDENTS/PLAINTIFFS

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
**January 19, 2023**

*RML*

*JCL*

*RDJ*

This is a tort suit. State Farm Mutual Automobile Insurance Company ("State Farm"), the Relator, seeks review of the trial court's October 14, 2022 judgment, denying its summary judgment motion. Pursuant to La. C.C.P. art. 966(H), this case was assigned for additional briefing and oral argument. For the following reasons, we grant State Farm's writ application, reverse the trial court's judgment denying State Farm's summary judgment motion, render judgment granting State Farm's summary judgment motion, and dismiss State Farm as a party to this suit.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, Clinton Spooner fatally hit a pedestrian, Alba Lopez-Laj, with a pickup truck. Ms. Lopez-Laj's husband, Baldomero Latz-Mo, filed this suit, individually and on behalf of the couple's minor children (collectively "Mr. Latz-Mo"). Named as defendants were the driver of the truck, Mr. Spooner; the owner of the truck, Joseph Brady; and two alleged insurers—State Farm and GEICO Casualty Company ("GEICO"). Following discovery, State Farm filed a summary judgment motion asserting that it did not insure Mr. Brady or Mr. Spooner at the time of the accident.

1

In support of its motion, State Farm attached the affidavit of Aaron Angel, its underwriting supervisor ("Mr. Angel"). Mr. Angel attested to the following facts:

- State Farm issued a policy to Mr. Brady and Krina Couture that provided insurance for the truck;[1]

- Six months before the accident in question, State Farm mailed a notice of cancellation of the policy due to nonpayment of premiums;

- State Farm mailed the notice of cancellation addressed only to Ms. Couture at the only address listed on the State Farm policy; and

- State Farm, in April 2019, cancelled the policy because it received neither a response to the notice of cancellation nor premium payments.

Mr. Angel identified and authenticated the State Farm policy and the notice of cancellation, both of which were attached to his affidavit.

State Farm also attached to its summary judgment motion Mr. Latz-Mo's responses to requests for admission in which he admitted that GEICO issued a policy to Ms. Couture and Mr. Brady insuring the truck. The GEICO policy, a copy of which was attached to State Farm's motion, was in effect at the time of the accident. It is undisputed that GEICO tendered its policy limits to Mr. Latz-Mo.

In opposition to State Farm's summary judgment motion, Mr. Latz-Mo argued that La. R.S. 22:1266, which establishes the requirements for an effective notice of cancellation, required State Farm send a notice of cancellation to all named insureds. Because the notice of cancellation was sent solely to Ms. Couture,

---

[1] The affidavit indicates that the policy was initially issued to only Mr. Brady as the named insured. The affidavit further indicates that the policy was subsequently changed to reflect Ms. Couture as the named insured. The policy was later changed to reflect that both Mr. Brady and Ms. Couture were the named insureds. At the time the notice of cancellation was issued, the policy listed both Ms. Couture and Mr. Brady as the named insureds.

Mr. Latz-Mo argued that it was ineffective as to Mr. Brady and that State Farm's coverage remained in effect on the date of the accident.

Following a hearing, the trial court denied State Farm's motion. This writ followed.

**DISCUSSION**

The summary judgment procedure is used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966(A)*; see also Balthazar v. Hensley R. Lee Contracting, Inc.*, 16-0920-28, p. 9 (La. App. 4 Cir. 3/15/17), 214 So.3d 1032, 1040 (observing that "summary judgment is a procedural vehicle for dismissing issues of law and/or fact that are not in dispute"). The summary judgment procedure is "designed to secure the just, speedy, and inexpensive determination of every action," and the summary judgment procedure is favored. La. C.C.P. art. 966(A)(2).

An appellate court applies a *de novo* standard in reviewing a trial court's ruling on a summary judgment motion and utilizes the same criteria that the trial court initially employs under La. C.C.P. art. 966. *See Harmonia, LLC v. Felicity Prop. Co., LLC*, 20-0253-54, p. 6 (La. App. 4 Cir. 11/25/20), 311 So.3d 521, 526-27. Summary judgment is appropriate when the facts are not in dispute; in that context, an appellate court "look[s] solely to the legal question presented by the motion for summary judgment." *Power Mktg. Direct, Inc. v. Foster*, 05-2023, p. 9 (La. 9/6/06), 938 So.2d 662, 669; *see also Arceneaux v. Amstar Corp.*, 15-0588, p. 5 (La. 9/7/16), 200 So.3d 277, 281.

By statute, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.

3

C.C.P. art. 966(A)(3). As the jurisprudence has recognized, "[t]he determination of whether a fact is material turns on the applicable substantive law." *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751).

Here, the applicable substantive law is set forth in La. R.S. 22:1266, which provides, in pertinent part, as follows:

> B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
>
> (a) Nonpayment of premium.
>
> \* \* \*
>
> D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason shall be given. In the event of nonpayment of premiums for a binder, a ten-day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonrenewal.
>
> \* \* \*
>
> F. Proof of mailing notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.

The requirements set forth in La. R.S. 22:1266 are mandatory and must be strictly construed. *Polanco v. Englade*, 15-334, p. 4 (La. App. 5 Cir. 12/9/15), 182 So.3d 340, 342. The purpose of the notice requirement set forth in the statute is to

make the insureds aware their policy is being terminated and to give the insureds the opportunity to obtain alternate coverage. *See Taylor v. MFA Mut. Ins. Co.*, 334 So.2d 402, 404 (La. 1976); *Johnson v. Davis*, 95-1425, p. 4 (La. App. 4 Cir. 3/5/97), 690 So.2d 995, 997. When an insurer claims an insurance policy has been cancelled, the insurer has the burden of proving the cancellation. An insurer must show facts that constitute positive and unequivocal proof of the insureds' understanding that their policy was cancelled. *Wallen v. Simpson*, 518 So.2d 1144, 1146 (La. App. 4th Cir. 1987).

In this court, State Farm makes the same arguments it made before the trial court as to the proper interpretation of La. R.S. 22:1266. According to State Farm, the legislature's repeated employment of the singular terms—"the named insured" and "the address shown in the policy"—throughout La. R.S. 22:1266 evidences its intent to require only a singular notice of cancellation addressed to a singular named insured at the address shown on the policy. State Farm contends that the clear and unambiguous statutory language mandates the statute be applied as written.[2] State Farm emphasizes that the undisputed facts reflect that both named insureds received actual notice of the policy cancellation and obtained alternative coverage through GEICO before the date of the accident. Thus, State Farm contends that the trial court erred in denying its summary judgment motion.

Mr. Latz-Mo counters that the requirements of La. R.S. 22:1266 must be strictly construed. Given that the purpose of the statute is to give the insureds adequate notice to prevent the cancellation of the policy, Mr. Latz-Mo argues that

---

[2] *See* La. C.C. art. 9; *see also* La. R.S. 1:4 (providing that "[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.").

the statute must be construed to require a notice of cancellation be sent to all named insureds. State Farm's own policy, Ms. Latz-Mo emphasizes lists both Ms. Couture and Mr. Brady as the named insureds. In the absence of a notice of cancellation sent to Mr. Brady, Mr. Latz-Mo maintains that State Farm's attempted cancellation was void and that its coverage remained in effect on the date of the accident.

Based on our *de novo* review, we find the trial court erred in denying State Farm's summary judgment motion. State Farm sent a notice of cancellation—albeit addressed to only one named insured—to the only address listed in the policy; it is undisputed that both named insureds—Mr. Brady and Ms. Couture—lived at that address. Moreover, State Farm established that both named insureds obtained alternative coverage through GEICO before the date of the accident. State Farm, thus, showed that both named insureds received actual notice of the policy cancellation. The purpose of the statute—informing the named insureds of cancellation and affording the insureds an opportunity to obtain alternative coverage—was fulfilled here.

Mr. Latz-Mo's sole counter argument is that because the notice of cancellation was not addressed to Mr. Brady, the notice was legally insufficient. This argument, however, is an attempt to place form over substance. The record reflects that the named insureds, who resided at the same address, received actual notice and responded to that notice by purchasing other insurance through GEICO, which other insurance was in effect on the date of the accident.

Accordingly, we find there are no genuine issues of material fact in dispute. The record reflects that State Farm effectively cancelled its policy before the date

of the accident at issue by notifying the named insured. State Farm, thus, is entitled to summary judgment dismissing it as a party to this suit.

## <u>DECREE</u>

For the foregoing reasons, State Farm's writ is granted; the trial court's October 14, 2022 judgment denying State Farm's summary judgment motion is reversed; and judgment is rendered granting State Farm's summary judgment motion and dismissing State Farm as a party to the suit.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**