828 So.2d 90 (2002)
Michael W. JOHNSON, et al., Plaintiff-Appellee,
v.
Solomon J. WILLIAMS, et al., Defendant-Appellee-Appellant.
No. 35986-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*91 Martin S. Craighead, for Appellant, Omni Insurance Company.
Anthony J. Bruscato, for Appellee, Michael W. Johnson and Charles Jones.
Solomon J. Williams, Londura Williams, In Proper Person.
Before BROWN, WILLIAMS and CARAWAY, JJ.
WILLIAMS, J.
Omni Insurance Company appeals a trial court judgment, finding automobile liability insurance coverage. The court found that the policy, issued to one of the named defendants, Londura Williams, was valid and in force on the date of an accident between a co-defendant, Solomon Williams, and the plaintiffs, Michael Johnson and Charles Jones. For the following reasons, we reverse that portion of the trial court's judgment.

FACTS AND PROCEDURAL HISTORY
On April 6, 1997, Solomon Williams ("Solomon") was operating a 1995 Chevrolet S-1 pickup truck, owned by his father and co-defendant herein, Londura Williams ("Williams"). Solomon was involved in an automobile accident with the plaintiffs, Michael Johnson ("Johnson") and Charles Jones ("Jones"), in Monroe, Louisiana. The vehicle in question was allegedly insured under a policy of automobile liability insurance issued to Williams by Omni Insurance Company ("Omni"), through the Lewis Insurance Agency ("Lewis Agency"). At the time of the accident, Solomon was determined to be at fault.
The plaintiffs filed suit seeking damages for their injuries caused by the accident. Williams, Solomon, Omni and the Lewis Agency were named as defendants. Omni responded by filing a motion for summary judgment on the grounds that the policy had been cancelled prior to the date of the accident, for non-payment of the premium. The trial court granted the motion for summary judgment.
The plaintiffs appealed to this Court. In an unpublished opinion, we found that issues of fact existed as to a collection letter *92 sent to Williams dated April 2, 1997. Johnson v. Williams, 33,669, 775 So.2d 706 (La.App.2d Cir.8/23/00). The letter was a request for payment and did not specifically state that the policy had been cancelled. The letter stated in part that "the account has been flagged as a past due account." This Court found that it could be inferred that the attempt at collection demonstrated that there was an active policy in force. Therefore, we reversed the summary judgment and remanded the case for trial.
After a trial on the merits, the trial court found that insurance coverage existed. It noted that the April 2, 1997 letter did not explicitly state that the policy had been cancelled. The court held that Omni did not meet its burden of proving that the policy had been validly cancelled. The court rendered judgment against the defendants, awarding damages to Johnson in the amount of $5,000 and damages to Jones in the amount of $7,000. Omni now appeals.

DISCUSSION
Omni contends the trial court erred in finding that the policy was valid and in force on the date of the accident. Omni argues that the policy had been properly cancelled prior to the accident in accordance with Louisiana law.
LSA-R.S. 22:636.1 governs the cancellation of an automobile liability insurance policy. The statute states in pertinent part:
B(1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a)Nonpayment of premium.
Section (A)(6) defines nonpayment of premium as follows:
"Nonpayment of premium" means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit.
It is well settled that an automobile liability insurer has the burden of proving that the policy has been cancelled prior to the date of the accident giving rise to a claim under the policy, and the insurer must show facts which constitute positive and unambiguous proof of understanding of cancellation of the policy. Burge v. Allstate Insurance Co., 97-1087 (La.App. 5th Cir.4/15/98), 710 So.2d 1196; Wallen v. Simpson, 518 So.2d 1144 (La.App. 4th Cir. 1987); Chapman v. Leger, 405 So.2d 604 (La.App. 3rd Cir.1981); I.C. Realty, Inc. v. Clifton Conduit Co., Division of General Cable Corp., 291 So.2d 422 (La.App. 4th Cir.1974). In the instant case, the parties stipulated at trial that the insurer timely mailed a cancellation notice to Williams which was dated February 23, 1997. Williams admitted that he had received the notice. Williams made only one installment payment of the premium. The payment was made by check and was returned for insufficient funds. According to Williams, when he received the notice, he responded by sending a payment by money order. At trial, a representative from Omni testified that no money order was ever received.
LSA-R.S. 22:636.1 mandates strict compliance with its statutory provisions for a valid notice of cancellation of an insurance policy. Notice is required to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La.1973); Rachuba v. Hickerson, 503 So.2d 570, 571 (La.App. 4th Cir. 1987). The bases for notices of cancellation *93 of automobile insurance policies are limited. In the case of nonpayment of premiums, the policyholder must receive ten days notice of the cancellation. State Farm Mutual Automobile Insurance Company v. Villneuve, 98-2421 (La.App. 1st Cir.12/28/99), 747 So.2d 777.
In the instant case, the notice of cancellation to Williams was dated February 11, 1997, and provided that the cancellation was effective on February 23, 1997. The notice of cancellation further provided:
Your insurance policy is being cancelled due to nonpayment of premium.
Insurance is your best protection. Drive with confidence. Make your payment today to avoid cancellation.
In Hemperly v. Aetna Casualty & Surety Company, 516 So.2d 1202 (La.App. 2d Cir.1987), this Court examined a similar set of facts with regard to the efficacy of a notice of cancellation of an insurance policy for nonpayment. The notice of cancellation received by the policyholder in Hemperly was almost identical to the notice sent to Williams in the instant case. There, we concluded that the notice language was clear, unequivocal and unambiguous and, therefore, the cancellation was valid. We reach the same conclusion in the instant case. The cancellation notice was timely and valid. Consequently, no automobile liability insurance coverage existed at the time of the accident.
Omni also contends the subsequent letter of April 2, 1997 is a demand letter and does not reinstate the policy. It is well settled that a demand for payment of the balance due by a specified date rather than an unequivocal notice of cancellation is insufficient to serve as a valid notice of cancellation. Hemperly, supra. Williams argues that since the letter addressed him as "Dear Insured," and did not contain a cancellation date, the policy was thereby valid and in force at the time of the accident. This assignment lacks merit. Williams previously had received the February 11, 1997 notice of cancellation and he had not made a payment that would have reinstated the policy. The April 2, 1997 letter to Williams does not revive the policy. Rather than a ratification of the cancelled policy, the letter is merely a demand for payment of the premium. In finding otherwise, the trial court effectively prohibited Omni from seeking payment of the earned portion of the unpaid premium attributable to coverage provided by Omni to Williams prior to the date of cancellation.
We do not dispute that part of the judgment awarding damages to the plaintiffs. However, based on the facts and evidence presented, we must conclude that the automobile liability insurance policy issued by Omni had been properly cancelled at the time of the accident.

CONCLUSION
For the foregoing reasons, we reverse that part of the trial court's judgment which holds Omni Insurance Company liable for the damages incurred by the plaintiffs. Judgment is hereby rendered in favor of Omni Insurance Company dismissing it from this case. The judgment is otherwise affirmed. Costs of this appeal are assessed to plaintiffs, Michael Johnson and Charles Jones.
REVERSED IN PART; AFFIRMED IN PART; RENDERED.
BROWN, C.J., concurs with reasons.
BROWN, C.J., Concurring,

The notice of cancellation stated "[M]ake your payment today to avoid cancellation." It was Williams' burden to show payment. Omni testified that it received no money *94 order. Williams presented nothing to support his claim that he sent a money order.