[JAMES C. GULOTTA, Judge, Pro Tempore.
Direct General Insurance Company of Louisiana (Direct General), the subrogee of its insured, Erica'Johnson, appeals from the granting of a summary judgment in favor of Southern Farm Bureau Casualty Insurance Company (Southern Farm) dismissing Direct General’s suit.[1] This dispute arises out of an automobile accident involving Courtney Mongrue (Mongrue) and Erica Johnson (Johnson). The issue is whether Southern Farm, Mongrue’s automobile liability insurer, effectively canceled Mongrue’s insurance prior to the accident. Because Southern Farm failed to meet its burden of proving that the policy was properly canceled prior to the accident, we reverse the trial court’s judgment and remand for further proceedings.
On April 28, 2001, a collision occurred involving the automobiles driven by Johnson and Mongrue. Pursuant to its obligation in the insurance policy, Direct General paid a total of $20,398.10 to Johnson and to a guest passenger. Direct | ¡¡General filed suit in subrogation against Southern Farm and Mongrue. Southern Farm and Mongrue filed a motion for summary judgment, claiming that the insurance policy between Southern Farm and Mongrue was canceled before the 'date of the accident. The basis for the cancellation was for non-payment of the premium.
■ Appellate review of a grant or denial of a motion for summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” Id. at 231 (quoting LSA-C.C.P. art. 966(B)). The burden of proof remains with the mover. LSA-C.C.P. art. 966(C)(2).
The memorandum in support of the motion for summary judgment lists the following statement of uncontested facts:
.1. Southern Farm Bureau Casualty Insurance Company issued á policy of insurance to Courtney Mongrue.
2. Prior to April 28, 2001, Courtney Mongrue failed to make timely payment of her insurance premium, therefore, 'her policy of insurance was canceled by Southern Farm Bureau Casualty Insurance Company effective March 13, 2001.
3. On or before April 28,’ 2001, the date of the subject accident, Courtney Mongrue did not renew her policy of insurance with Southern Farm Bureau Casualty Insurance Company.
(Emphasis added).
Direct General filed an opposition to the motion for summary judgment in which it pointed out that the documents submitted with Southern Farm’s motion for summary judgment did not contain a notice of cancellation! In response, Southern Farm filed a supplementaFmemorandum in support of the motion for summary judgment and attached a document entitled, “NOTICE OF | CANCELLATION” dated March 14, 2001, stating that the cancellation date was March 29, 2001 and that the adcount due date was also March 29, 2001.
*622 Direct General argues that Southern Farm failed to prove that the nonpayment occurred prior to the cancellation date because the due date for payment and the cancellation date were the same, March 29, 2001.
LSA-R.S. 22:636.1 sets out the requirements for an insurance company to effect a proper cancellation of a policy for nonpayment of a premium:
B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
[[Image here]]
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reason for such cancellation. This Subsection shall not apply to nonrenewal.
(Emphasis added).
LSA-R.S. 22:636.1 mandates strict compliance with its statutory provisions for a valid notice of cancellation of an insurance policy. Johnson v. Williams, 35986, p. 3 (La.App. 2 Cir. 9/18/02), 828 So.2d 90, 92. Notice is required to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Id.
Southern Farm consistently maintained in its motion for summary judgment that March 13, 2001 was the cancellation date. Southern Farm claims that it | ¡/‘explained to the trial court that the premium due date was actually March 13, 2001 as evidenced by the April 19, 2001 invoice.” However, the record contains no evidence to support Southern Farm’s assertion. Further, there is no provision in LSA-R.S. 22:636.1 for retroactive cancellation of an automobile liability insurance policy.
Southern Farm also asserts that a March 14, 2001 notice was nevertheless effective to cancel the policy because it was mailed ten days prior to the cancellation date of March 29, 2001.
In response, Direct General argues that the notice of cancellation was ineffective because the notice was not unambiguous. Specifically, Direct General urges that non-payment of the premium did not occur before the notice of cancellation was issued, considering that the cancellation date was the same as the account due date. We agree.
The notice sent to Mongrue on March 14, 2001 (attached as an exhibit to this opinion) listed March 29, 2001 as the “ACCOUNT DUE DATE.” It also listed March 29, 2001 as the “CANCELLATION DATE.” The document stated that the amount due on Mongrue’s account had not been received but contained no date other than March 29, 2001 as the date upon which payment should have been made. Thus, based on the terms of the March 14, 2001 notice sent to Mongrue, her premium was not yet due.
*623 The April 19, 2001 invoice (also attached to this opinion) contributes to the confusion. The invoice indicates a March 13, 2001 “transaction date” but does not state that March 13, 2001 was the date the premium was due. Additionally, there is a credit to the account dated April 17, 2001, which was prior to the April 28, | fi2001 accident.[2] The invoice also indicates a balance of zero, but contains no indication that the policy had been canceled. Rather, the following notation appears next to the April 17, 2001 transaction date: “EXPIRATION PREMIUM EFF 3/13/01.”
Other indications of ambiguity in the conduct of Southern Farm are found in its internal documentation. Southern Farm submitted a “TERMINATION NOTICE LIST” in support of the motion for summary judgment. This list contains the types of notices mailed to its insureds on March 14, 2001. The list reflects that the individuals received either an “EXPIRE” notice or a “CANCEL” notice. The list further reflects that the type of notice sent to Mongrue was an expiration notice, not a cancellation notice. Further, the list indicates the payment due date was March 29, 2001.
It is well settled that an automobile liability insurer has the burden of proving that the policy has been canceled prior to the date of the accident giving rise to a claim under the policy, and the insurer must show facts which constitute positive and unambiguous proof of understanding of cancellation of the policy. Henderson v. Geico Gen. Ins. Co., 36,696, p. 7 (La.App. 2 Cir. 1/29/03), 837 So.2d 736, 741 (citing Johnson v. Williams, supra). The record considered, we find that Southern Farm failed to meet this burden of showing that the policy was effectively canceled prior to the April 28, 2001 accident.
Accordingly, we reverse the judgment of the trial court and remand for further proceedings. Costs of this appeal are assessed against defendant-appellant, Southern Farm Bureau Casualty Insurance Company.

REVERSED AND REMANDED.

*624 [[Image here]]
*625 [[Image here]]

. Although the defendant insurance company was named as "Louisiana Farm Bureau Casualty Insurance Company" in the petition, the answer was filed in the name of "Southern Farm Bureau Casualty Insurance Company.” Further, the motion for summary judgment, as well as the trial court's judgment, refer to the defendant insurance company as "Southern Farm Bureau Casualty Insurance Company.”

. In its original brief, Southern Farm asserted that Mongrue made a payment on April 17, 2001. Because the parties did not address the effect of the payment on the insurance policy, we requested supplemental briefs. Southern Farm responded in its supplemental brief that it had "accidentally” characterized the credit as a payment in the original brief. Rather, Southern Farm now asserts the credit represents an "expiration premium credit” to the account because Mongrue never paid her premium. In its supplemental brief, Direct General agrees that the premium had never been paid.