GRAVOIS, J. _JjPlaintiffs/appellants, Miriam Blandino and Fausto Mercedes, individually and on behalf of their minor children, Jared Mercedes and Yeriannis Mercedes, appeal the trial court’s June 18, 2015 judgment that granted defendant/appellee,' USAgencies Casualty Insurance Company, now known as Affirmative Casualty Insurance Company’s (“USAgencies”), motion for summary judgment, dismissing all of plaintiffs’ claims against USAgencies with prejudice. For the following reasons, we affirm this trial court judgment. FACTS AND PROCEDURAL BACKGROUND Plaintiffs, Miriam Blandino and Fausto Mercedes, individually and on behalf of their minor children, Jared Mercedes and Yeriannis Mercedes, filed suit on August 12,2012 for damages allegedly sustained in an automobile accident that occurred on August 12, 2011. Plaintiffs alleged in their petition for damages that Ms. Blandino was operating a vehicle, owned by Fausto Mercedes and occupied by their children, Jared and Yeriannis Mercedes, which .was stopped at a stop sign in Jefferson Parish, when a 1998 Chevrolet Blazer driven by Kendra Pierre or “John Doe” struck their vehicle, causing personal injuries and property damages. They named as defendants Ms. Pierre and “John Doe,” GEICO Indemnity Company and USAgencies, as automobile liability insurers for either Ms. Pierre or “John Doe,” and USAgencies, as plaintiffs’ uninsured/underinsured motorist carrier. On April 9, 2015, USAgencies filed a motion for summary judgment seeking dismissal of plaintiffs’ claims against it on the basis there was no valid automobile liability insurance policy issued by USAgencies in effect on the date of the subject accident. Specifically, USAgencies maintained that although Ms. Pierre attempted to purchase an automobile liability insurance policy from USAgencies on February 9, 2011, she failed to submit adequate funds to USAgencies to obtain coverage, and thus, the policy never became effective. lain support of its motion for summary judgment, USAgencies submitted several exhibits, including the policy’s declaration page, policy transaction information, non-sufficient funds (“NSF”) notification from Capital One, N.A., correspondence sent to Ms. Pierre, and affidavits of Margaret Shoemaker and Jose Sergio Vidal, authorized representatives of USAgencies. These exhibits showed that Ms. Pierre attempted to purchase an automobile liability insurance policy from USAgencies on February 9, 2011, with an effective policy period from February 9, 2011 through August 11, 2011; however, the initial payment made by Ms. Pierre was returned by Capital One, N.A., to USAgencies for insufficient funds on February 16, 2011. Correspondence dated February 17, 2011 sent by certified mail by USAgencies to Ms. Pierre at the address shown in the policy advised her that her policy “never became effective” and she had “no coverage” due to her failure to make the initial premium payment. The correspondence also advised Ms. Pierre that she could reinstate the policy, which would apply retroactively to the original premium due date, by submitting adequate payment, including a fifteen dollar fee for the NSF check, within ten days of February 17,2011. USAgencies did not receive any subsequent payment from Ms. Pierre. Plaintiffs filed an opposition to the motion for summary judgment, which did not include any supporting documents or attachments. After a heáring, the trial court granted the motion for summary judgment. Plaintiffs’ appeal of that judgment follows. ASSIGNMENTS OF ERROR AND ARGUMENT On appeal, plaintiffs contend that the trial court erred in granting USAgencies motion for summary judgment because USAgencies failed to satisfy the requirements for proper cancellation of an automobile insurance policy for nonpayment of premium. Specifically, plaintiffs urge that the notice provided to Ms. Pierre did not comply with La. R.S. 22:1266 because it did not advise that the policy was “can-celled.” Plaintiffs also argue that the notice was ineffective | .¡because it advised Ms. Pierre that she would need to pay a fifteen dollar fee for her NSF check in addition to paying the initial premium amount in order to reinstate her insurance policy. Plaintiffs contend that by requiring more than the premium amount, USAgencies did not comply with the law.for the proper cancellation of a policy for non-payment of premium. Plaintiffs further argue that the notice was not properly delivered and that ■there was inadequate evidence of delivery of the notice of cancellation to the insured. ANALYSIS The summary judgment procedure is a procedural device used to secure the just, speedy, and inexpensive determination of actions by avoiding a full-scale trial where there is no genuine factual dispute. La. C.C.P. art. 966(A)(2); Pouncy v. Winn-Dixie La., Inc., 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. Summary judgment should be granted if the motion and supporting documents, including the pleadings, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A). The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. The non-moving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(D). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Pouncy, supra. Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria that governs the trial court’s ^determination of whether a summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Bernard v. Ellis, 11-2377 (La. 7/2/12), 111 So.3d 995, 1002. Louisiana jurisprudence provides that where an automobile liability insurer defends on the ground that the policy was cancelled prior to the date giving rise to a claim under the policy, the insurer bears the burden of establishing facts which will relieve it of liability. Accardo v. Clarendon Nat’l Ins. Co., 99-393 (La. App. 5 Cir. 1/4/00), 751 So.2d 975, 977, writ denied, 00-0369 (La. 4/7/00), 759 So.2d 761; Direct Gen. Ins. Co. v. Mongrue, 04-248 (La. App. 5 Cir. 8/31/04), 882 So.2d 620, 623. The insurer must show facts which constitute positive and unambiguous proof of an understanding of the cancellation of the policy. Id. La. R.S. 22:1266 sets forth the notice requirements that must be followed by an insurance company in order to effect a cancellation of an insurance policy. La. R.S. 22:1266 mandates. strict compliance, with its statutory provisions for a valid notice of cancellation of an insurance policy. Direct Gen. Ins. Co., supra. Notice is required to make the insured aware that his policy is being terminated and to afford, him time to obtain.other insurance, protection, Id. La. R.S. 22:1266 governs the cancellation of insurance policies and provides,, in pertinent part: , . [[Image here]] ' (B)(1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons: (a) Nonpayment ofpremmm. [[Image here]] (D)(1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail of delivered by the insurer to the named insured at least thirty-days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by . the reason shall be given, In the event of nonpayment of |(¡premiums for.a binder, a ten-day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail, ... [[Image here]] (D)(3)(a)(i) Payment of an initial, renewal, or .installment insurance premium, by the insured to an insurer -... with a check or other negotiable instrument which is returned to the.payee ■ by the institution upon which- it is drawn for insufficient funds available . in the account, for lack of credit, for the -reason the account is closed, for stopped payment, or for any other ■ reason shall be deemed grounds for the insurer to cancel the binder or policy from the date the premium payment -was due for the initial or renewal.term, whichever is applicable, * ⅝ * (D)(3)(b)(ii) The insurer shall immediately, and in no case later than ten days after the producer or premium finance company has notified the insurer, notify the named insured, by certified ■ mail or delivering to the named insured a written notice that the policy is canceled from the date the premium, payment was due. The insurer - shall advise the named insured that the policy shall be reinstated effective from the date the prerhium- payment was due for the term of the policy-only if the named inswred or his- legal ■representative presents to the insurer a cashier’s' check or money order for the-full amount of the returned check or other negotiable instrument within ten days of the date that the notice-of cancellation was'mailed, (D)(3)(c) Upon expiration of the ten-day period, ... : ■ (ii)Cancellation of the policy shall remain effective, when the insured or his legal representative has failed to "redeem the dishonored check or other negotiable instrument' before expiration of the ten-day period. [[Image here]] (F)Proof of mailing of notice of cancellation ... to the-named insured at the address shown in the policy, shall be sufficient proof of notice. [[Image here]] (Emphasis added.) In the present case, our review of the record shows that USAgencies was advised that Ms. Pierre's initial premium payment was returned by her bank for insufficient funds. After it was notified of this information, USAgencies sent | ficorrespondence to Ms. Pierre stating that because her initial payment for her premium was returned by her bank for insufficient funds, her policy “never became effective” and that she had “no coverage.” The notice, dated February 17, 2011, was mailed to Ms. Pierre by certified mail to the address shown in her policy. The notice further explained that Ms. Pierre could reinstate the policy from 'the date the premium was due if she presented payment for the full amount of the returned check, plus a fifteen dollar NSF fee within ten days of the date of the notice; however, USAgencies did not receive any subsequent payment from Ms. Pierre. Ms. Shoemaker attested in her affidavit that “[t]here was no automobile liability insurance coverage provided by USAgencies to [Ms.] Pierre ... [or] John Doe on the date of’ the subject accident, August 12, 2011. Further, Mr. Vidal attested in his affidavit that “[i]nsurance coverage between USA-gencies and [Ms.] Pierre never incepted due to the insufficient funds.” In opposition to the motion for summary judgment, plaintiffs argued, without submitting any evidence, that USAgencies failed to satisfy the requirements for proper cancellation of an automobile insurance policy for nonpayment of premium. Upon de novo review, we find that USA-gencies has met its burden of proving that there- is no genuine issue as to material fact and that it is entitled to judgment as á matter of law. Specifically, USAgencies has shown that Ms. Pierre was not covered under a USAgencies policy on the date of the subject accident. The evidence submitted with the motion for summary judgment clearly establishes that USAgencies properly and timely sent a legally sufficient notice of cancellation to its insured, Ms. Pierre, after it was notified that an attempted payment of policy premium by Ms. Pierre was not honored by the financial institution in question because the account on which said payment was drawn was closed. Plaintiffs’ argument that the notice needed specific verbiage advising that the policy would be 17“cancelled” from the date the premium payment was due is unpersuasive. The applicable statute does not require any specific language, and we find that the correspondence advising Ms. Pierre that her policy “never became effective” and that she had “no coverage” constitutes sufficient, positive, and unambiguous proof of an understanding that the policy never came into effect and was properly and timely cancelled. Also, plaintiffs’ contention that the fifteen dollar fee rendered the notice ineffective is likewise misplaced. Plaintiffs cite no authority in support of their argument. Further, La. R.S. 9:2782 specifically permits a payee to charge a service fee for checks returned due to insufficient funds. Moreover, plaintiffs’ argument that La. R.S. 22:1266 requires proof of actual delivery of the notice of cancellation in this case is without merit. La. R.S. 22:1266(D)(1) specifically provides that “[n]otice of cancellation for nonpayment of premiums shall not be required to be sent by certified mail.” Although not required, USA-gencies has shown that the notice of cancellation in this case was sent to Ms. Pierre by cértifíed mail. Further, La. R.S. 22:1266(F) specifically provides that. “[p]roof of mailing of notice of cancellation ... to the named insured at the address shown in the policy, shall be sufficient proof of notice.” Here, USAgencies has shown that it mailed the notice of cancellation to Ms. Pierre, the named insured, at the address shown in the policy. Because USAgencies has shown by un-contradicted evidence that: (1) the payment tendered by Ms. Pierre for the initial premium on the subject policy was returned due to insufficient funds; (2) USAgencies properly and timely sent a legally sufficient notice of cancellation to Ms. Pierre after it was notified that the attempted payment of policy premium by Ms. Pierre was not honored by the financial institution in question because the account on which said payment was drawn was closed; and (3) no further payment on the subject policy was made to USAgencies; I «we find that in accordance with La. R.S. 22:1266(D)(3)(c)(ii), Ms. Pierre’s policy never came into effect, and accordingly, coverage under the USAgencies policy in question did not exist at the time of the subject accident.[1] CONCLUSION For the foregoing reasons, the trial court’s June 18, 2015 summary judgment in favor of USAgencies Casualty Insurance Company, now known as Affirmative Casualty Insurance Company, is affirmed. Costs of the appeal are assessed to appellants. AFFIRMED . Moreover, we note that the policy in question purportedly had a coverage period from February 9, 2011 at 6:44 p.m. through August 11, 2011 at 12:01 a.m. The accident in question allegedly occurred on August 12, 2011, apparently outside of the policy period; this, however, was not an issue before us in this appeal.