Judgment rendered May 5, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,931-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BLAKE BABCOCK                                          Plaintiff-Appellant

versus

JOSEPH BLACKMAN AND                           Defendants-Appellees
GEICO COUNTY MUTUAL
INSURACE COMPANY

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 157643

Honorable Charles A. Smith, Judge

* * * * *

GORDON McKERNAN                              Counsel for Appellant,
INJURY ATTORNEYS                               Blake Babcock
By: H. Dean Lucius, Jr.


JOSEPH BLACKMAN                               In Proper Person,
                                                              Appellee


LAW OFFICE OF J. BRAD SMITHERMAN          Counsel for Appellee,
By: J. Brad Smitherman                          GEICO County Mutual
     Joshua A. Scott                                 Insurance Company

* * * * *

Before PITMAN, STEPHENS, and BLEICH (*Pro Tempore*), JJ.

**STEPHENS, J.**

Plaintiff, Blake Babcock ("Blake"), has appealed from an adverse summary judgment ruling dismissing his claim against defendant, GEICO County Mutual Insurance Company ("GEICO"). Finding that there are genuine issues of material fact that preclude summary judgment at this time, we reverse the trial court's judgment and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

Blake filed a petition on October 24, 2018, seeking damages for injuries he sustained as a result of a two-vehicle accident that occurred on November 14, 2017. Blake alleged that on that date, as he was riding his motorcycle westbound in the left-hand lane of U.S. Hwy. 80 in Bossier City, Louisiana, defendant Joseph Blackman ("Joseph"), driving a 1995 Ford Ranger, abruptly pulled in front of him from the right-hand lane, causing him to slide and collide with the left rear corner of Joseph's truck. Blake further asserted that GEICO was Joseph's liability insurer and asked that GEICO file into the record "the original or a certified copy of said insurance policy."

GEICO filed a motion for summary judgment on July 24, 2019. According to GEICO's motion, there was no genuine issue of material fact regarding "the cancellation of an insurance policy of GEICO… issued to *Joseph Blackman* prior to November 14, 2017." GEICO further asserted that it has issued policy number 4476-57-96-04 to *Sandra J. Blackman and Arthur L. Driscoll*; a notice of cancellation for nonpayment of premium had been issued to *Sandra J. Blackman and Arthur L. Driscoll*; and, because no payment was received, "the aforementioned policy was effectively cancelled on October 18, 2017, at 12:01 a.m." Attached to the motion for summary

judgment were three exhibits:  the notice of cancellation; an affidavit by a GEICO claims underwriter regarding Ms. Blackman and Mr. Driscoll's policy history with GEICO; and proof of the mailing of the notice of cancellation.  GEICO filed a memo in support of summary judgment, and Blake responded with a memo in opposition to summary judgment.

The trial court heard brief arguments by the parties' attorneys on March 16, 2020, noted that it found no issue of material fact, and that, according to controlling caselaw, the notice of cancellation in GEICO's exhibit was not a request for payment but was a notice of cancellation in unambiguous terms.  The court granted GEICO's motion for summary judgment and signed a judgment to that effect, dismissing Blake's claims against GEICO with prejudice.  It is from this judgment that Blake has appealed.

## DISCUSSION

We review a trial court's grant of summary judgment *de novo*. *Bernard v. Ellis*, 2011-2377 (La. 7/2/12), 111 So. 3d 995; *Cutsinger v. Redfern*, 2008-2607 (La. 5/22/09), 12 So. 3d 945; *Bonin v. Westport Ins. Co.*, 2005-0886 (La. 5/17/06), 930 So. 2d 906.  Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate:  whether there is a genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.  *Id.*

In ruling on a motion for summary judgment, the trial judge's role is not to evaluate the weight of the evidence or determine the truth of the matter, but instead determine whether there is a genuine issue of material fact.  *Murphy v. Savannah*, 2018-0991 (La. 5/8/19), 282 So. 3d 1034;

2

*Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So. 2d 880. Factual conclusions drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Yokum v. 615 Bourbon Street, L.L.C.*, 2007-1785 (La. 2/26/08), 977 So. 2d 859; *Willis v. Medders*, 2000-2507 (La. 12/8/00), 775 So. 2d 1049; *June Medical Services, LLC, v. Louisiana Dept. of Health*, 2019-0191 (La. App. 1 Cir. 3/4/20), 302 So. 3d 1161. Summary judgment must be denied if the supporting documents presented by the mover are not sufficient to resolve all material fact issues. *Sanders v. Hercules Sheet Metal, Inc.*, 385 So. 2d 772 (La. 1980); *Debrun v. Tumbleweeds Gymnastics, Inc.*, 39,499 (La. App. 2 Cir. 4/6/05), 900 So. 2d 253.

La. R.S. 22:636.1 provides the procedures for cancellation of automobile liability insurance, and it mandates strict compliance with statutory provisions for a valid notice of cancellation of an insurance policy. *Johnson v. Williams*, 35,986 (La. App. 2 Cir. 9/18/02), 828 So. 2d 90. Notice is required to make the ***insured*** aware that his policy is being terminated and to afford him time to obtain other insurance protection. *Broadway v. All-Star Ins. Corp.*, 285 So. 2d 536 (La. 1973); *Johnson, supra*.

It is well settled that an automobile liability insurer has the burden of proving that the policy has been cancelled prior to the date of the accident giving rise to a claim under the policy, and the insurer must show facts that constitute positive and unambiguous proof of understanding of cancellation of the policy. *Lewis v. Coleman*, 48,173 (La. App. 2 Cir. 6/26/13), 118 So. 3d 492, *writ denied*, 2013-1993 (La. 11/13/15), 125 So. 3d 1108; *Johnson, supra*. By having to prove a valid cancellation, in essence, the insurer is tasked with establishing facts that will relieve it of liability. *See, Sanchez v.*

3

*Sigur*, 18-680 (La. App. 5 Cir. 1/16/19), 264 So. 3d 587; *Direct General Ins. Co. of La. v. Mongrue*, 04-358 (La. App. 5 Cir. 8/31/04), 882 So. 2d 620; *Accardo v. Clarendon Nat'l Ins. Co.,* 99-398 (La. App. 5 Cir. 1/4/00), 751 So. 2d 975, *writ denied*, 2000-0369 (La. 4/7/00), 759 So. 2d 761.

Blake asserts that the trial court erred in granting summary judgment to GEICO when it found that there were no genuine issues of material fact regarding whether **defendant Joseph Blackman's** insurance policy with GEICO was validly cancelled effective October 18, 2017.

GEICO argues that because it introduced satisfactory evidence that it mailed the notice of cancellation to the **named insureds** over ten days prior to the indicated cancellation date, and that the language contained in that notice was clear, unequivocal, and unambiguous, the trial court's grant of summary judgment in its favor should be affirmed by this Court.

The notice of cancellation was mailed to **Sandra J. Blackman and Arthur J. Driscoll**, whose identity, connection, or relation to this case appear nowhere in the **pleadings or properly filed evidence of record**. GEICO does, however, in its appellate brief, mention **for the first time**, that Ms. Blackman and Mr. Driscoll are the owners of the truck involved in the accident on November 14, 2017. There is no **evidence** of this fact, however, in the record. Furthermore, in the first paragraph of its appellate brief, GEICO wrote:

> …Defendant-Appellee Geico argues that on October 7, 2017, GEICO forwarded a **"Notice of Cancellation for Nonpayment of Premium"** to <u>*Charlotte Ware*</u>, which stated, in pertinent part:
>
> In accordance with the cancellation provisions of your policy, identified below by number, **your insurance is hereby canceled as of 12:01 a.m. local time Oct-18-17.**

4

This cancellation is due to nonpayment of the premium shown below. (Emphasis in original.)

The notice of cancellation mailed to **Sandra J. Blackman and Arthur J. Driscoll** does not actually contain the above-cited language, although it does contain similar wording.

This Court is fully aware that appellate briefs are not pleadings, and that any statements made therein do not constitute evidence. *See,* La. C.C.P. art. 852; *Denoux v. Vessel Mgmt. Services, Inc.*, 2007-2413 (La. 5/21/08), 983 So. 2d 84; *Coston v. Seo*, 2012-0216 (La. App. 4 Cir. 8/15/12), 99 So. 3d 83. Nonetheless, it cannot be ignored that GEICO misstated the defendant/alleged insured's name in the above paragraph, and the notice of cancellation mailed to **Sandra J. Blackman and Arthur J. Driscoll** (whoever they may be, since neither the **pleadings nor properly filed evidence of record** give this Court any indication as to their identity) does not actually contain the above-cited language (although it does contain similar wording).[1]

The motion for summary judgment filed by GEICO on July 24, 2019, contains the following assertions:

(1) There is no genuine issue of material fact regarding the **cancellation of an insurance policy of GEICO County Mutual Insurance Company issued to _Joseph Blackman_ prior to November 14, 2017.**

(2) GEICO County Mutual Insurance Company issued **policy number 4476-57-96-04 to _Sandra J. Blackman and Arthur L. Driscoll_**.

---

[1] These minor mistakes may have been overlooked and not mentioned but for the fact that they are a continuation of similar errors made throughout GEICO's summary judgment pleadings and attachments thereto, which are concerning for several reasons. First, that they were filed as apparently acceptable under La. C.C.P. art. 863 standards, and second, that they seemed a sufficient basis upon which to grant summary judgment under La. C.C.P. art. 966, *et seq.*

(3) On October 7, 2017, GEICO issued a *Notice of Cancellation for non-payment of premium to <u>Sandra J. Blackman and Arthur L. Driscoll</u>* advising that *the policy* would be cancelled on October 18, 2017, at 12:01 a.m. due to non-payment of their premium.

(4) No payment was received and *the aforementioned policy* was effectively cancelled on October 18, 2017, at 12:01 a.m.

In its Statement of Uncontested Facts, GEICO listed *only the following* facts:

(1) *<u>Joseph Blackman</u> had auto coverage with GEICO from 9/2/17 through 3/2/18*. However, since *he* failed to pay *his premium*, *his policy number 4476-57-96-04* expired by its own terms on October 18, 2017.

(2) On November 14, 2017, the accident that forms the basis of this suit occurred.

Throughout GEICO's memorandum in support of summary judgment, the insured(s) under the policy is/are referred to as "Joseph Blackman" five times; "Charlotte Ware" one time; and "Sandra Jo Blackman and Arthur Lee Driscoll, Jr." two times. Since there is no copy of the actual insurance policy (or policies) in the record, the identity of the actual insured(s) and the vehicle(s) covered by the policy (or policies) issued by GEICO has not been established.

GEICO attached three exhibits to its motion for summary judgment. Exhibit A is a "Notice of Cancellation for Nonpayment of Premium" sent by GEICO to *<u>Sandra J. Blackman and Arthur L. Driscoll</u>* regarding *policy number 4476-57-96-04*. Exhibit B is an affidavit executed by claims coverage underwriter Stephen W. Bailey attesting that:

(1) …

(2) At the time of the accident of November 14, 2017, there was no automobile policy of insurance issued by GEICO in the name of *<u>Sandra Jo Blackman and/or Arthur Lee Driscoll Jr</u>* providing coverage.

6

(3) Policy number 4476-57-9604 issued to **_Sandra Jo Blackman and Arthur Lee Driscoll Jr._** had coverage effective dates of February 9, 2017, through May 26, 2017, and September 2, 2017, through October 18, 2017, and March 10, 2018, through April 27, 2018.

(4) Said policy cancelled for non-payment on October 18, 2018.

Exhibit C is a certificate of mailing showing that the cancellation notice to **_Ms. Blackman and Mr. Driscoll_** was mailed on October 7, 2017.

The trial court erred in granting GEICO's motion for summary judgment in this case. GEICO had the burden to prove that there are no genuine issues of fact, and that it was entitled to judgment as a matter of law. We find that there are a number of genuine issues of material fact in this case, some of which were created by the discrepancies in the motion for summary judgment and supporting documentation. These issues include:

(1) in its motion for summary judgment, GEICO alleged that there was no genuine issue of material fact regarding the cancellation of the policy issued to the **_driver, Joseph Blackman_**, then referred **_only_** to policy number 4476-57-96-04, issued to **_Sandra Jo Blackman and Arthur Lee Driscoll_**;

(2) whether policy number 4476-57-96-04 covered the truck that Joseph Blackman was allegedly driving at the time of the accident;

(3) whether, as alleged by GEICO in its "Statement of Uncontested Facts," **_Joseph Blackman_** had auto coverage with GEICO from 9/2/17 through 3/2/18, since that appears to include the date of the accident;

(4) whether it was **_Joseph Blackman's_** failure to pay the premium that caused **_policy number 4475-57-96-04_** to expire, as alleged by GEICO, since the record also shows that this policy was issued to **_Sandra J. Blackman and Arthur L. Driscoll_**, not to **_Joseph Blackman_**; and,

(5) whether a policy issued to **_Joseph Blackman_** had been cancelled (since the affidavit issued by the claims underwriter only stated that the policy issued to **_Sandra Blackman and Arthur Blackman_** had been cancelled).

Based on the above unresolved issues of material fact, GEICO was not entitled to summary judgment.

We hereby reverse the trial court's grant of summary judgment, and remand the matter for further proceedings. We note, however, that the denial of summary judgment on this issue does not preclude GEICO from refiling a subsequent motion at some future time, with supporting documents it feels are sufficient to resolve all material factual issues and show its entitlement to judgment as a matter of law.[2]

## CONCLUSION

For the reasons set forth above, the judgment of the trial court granting summary judgment in favor of defendant, GEICO County Mutual Insurance Company, is hereby reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed against defendant, GEICO County Mutual Insurance Company.

**REVERSED AND REMANDED.**

---

[2] *See*, *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 2017-01251 (La. 10/27/17), 228 So. 3d 1230; *Rogers v. Horseshoe Entertainment*, 32,800 (La. App. 2 Cir. 8/1/00), 766 So. 2d 595, *writs denied*, 2000-2894, 2000-2905 (La. 12/8/00), 776 So. 2d 463, 464; *Alexander v. Parish of St. John the Baptist*, 12-173 (La. App. 5 Cir. 10/16/12), 102 So. 3d 904; *Monumental Life Ins. Co. v. Landry*, 2002-891 (La. App. 3 Cir. 2/19/03), 846 So. 2d 798.